## RHEA COMMON SCHOOL DIST. NO. 3 v. BOVINA INDEPENDENT SCHOOL DIST. NO. 5.

### No. 5917.

Court of Civil Appeals of Texas. Amarillo.
Oct. 9, 1948.

Rehearing Denied Nov. 13, 1948.

Bradley, Key & Kimmel, of Lubbock, for appellant.

James W. Witherspoon, of Hereford, for appellee.

LUMPKIN, Justice.

This suit was instituted by the appellant, Rhea Common School District No. 3, against the appellee, Bovina Independent School District No. 5. Both school districts are located in Parmer County, Texas. The purpose of the suit was to obtain a declaratory judgment as to the validity of elections held in the Rhea and Bovina districts to determine whether these two districts should be consolidated under the provisions of Art. 2806 as amended, Vernon's Annotated Civil Statutes.

The elections of which the appellant complains were held in the two Parmer County school districts on May 8, 1948, pursuant to orders of elections entered by the county judge on April 12, 1948. Previous to entering the orders of elections the county judge had received and filed a petition signed by 25 qualified voters residing in the Rhea Common School District and a second petition signed by 35 qualified voters residing in the Bovina Independent School

District. Each petition asked that an election be ordered to determine whether the two school districts should be consolidated. Following the elections on May 8, the vote was canvassed by commissioners' court of Parmer County. The canvas showed that in the Rhea district 36 votes were cast for consolidation and 34 votes were cast against it; that in the Bovina district 211 votes were cast for consolidation and none were cast against it. In accordance with its finding that a majority of the votes cast at the elections were in favor of consolidation, the commissioners' court declared adopted the proposition to consolidate; and on May 24, 1948, the commissioners' court ordered the two districts consolidated. This suit was filed on May 31, 1948.

In its petition the appellant alleged that these elections were void for the reason that previously on April 8, 1948, the county judge received and filed a petition signed by the requisite number of qualified voters residing in the Oklahoma Independent School District No. 10 of Parmer County, and a petition signed by the necessary number of qualified voters residing in the Bovina Independent School District No. 5 asking for elections to determine whether these districts should be consolidated. The appellant alleged that following the receipt of these petitions the county judge ordered the elections held on May 8, 1948, the same day on which the county judge later called the elections for the consolidation of the Rhea and Bovina districts. Further, the appellant alleged that the elections to consolidate the Oklahoma and Bovina districts failed to carry. The Oklahoma Independent School District voted against the consolidation, although the proposition carried in the Bovina district.

Parenthetically, it is to be noted that the Oklahoma Independent School District and the appellant, Rhea Common School District No. 3, are contiguous to the appellee, Bovina Independent School District No. 5, although not contiguous to each other. The Bovina district is between the Oklahoma and the Rhea districts.

Trial was before the court without a jury. The evidence offered was in the form of certified copies of the proceedings concerning the elections to consolidate the Rhea and the Bovina School districts. No oral testimony was introduced. The appellant offered the certified copies of the various instruments relating to the Oklahoma-Bovina elections for consolidation, but proper objection being made, the court excluded this proof. The court rendered judgment denying the appellant the relief sought and declared the elections of May 8, 1948, for the consolidation of the Rhea and Bovina districts to be valid. The appellant duly excepted, gave notice of appeal. and has perfected its appeal to this court.

The appellant attacks the court's judgment in three points of error insisting, first, that the court erred in not admitting the certified copies of the proceedings relative to the elections for the consolidation of the Oklahoma district and the Bovina district.

[1] Article 2806 as amended provides that "on the petition of twenty (20) or a majority of the legally qualified voters of * * * one or more independent school districts and one or more common school districts constituting as a whole one continuous territory, praying for the consolidation of such districts for school purposes, the County Judge shall issue an order for an election to be held on the same day in each such district." It is provided that the county judge shall give notice of the election date by publication of the orders in a newspaper for at least twenty days prior to the election date, or by posting notices of such elections in the districts, or by both publication and posted notices. Thus, it may be seen that the county judge by the terms of the statute is given an expressed, independent duty to perform—first, he must judicially determine whether the petitions are sufficient to call the elections; and second, if he finds the petitions sufficient, he must order the elections and post the notices. McLemore et al. v. Stanford et al., Tex.Civ.App., 176 S.W.2d 770. After receiving the petitions signed by a proper number of the qualified voters of the Rhea and Bovina districts, the county judge ordered the elections. On April 14 the notices of the Rhea-Bovina elections were duly posted in the districts.

■ A study of Article 2806 as amended convinces us that the county judge could have set the Rhea-Bovina elections for any day so long as he observed the proviso that notices of the elections should be posted or published twenty days prior to the day of the elections. As a practical matter, perhaps, the county judge should have fixed the day of these elections to follow the date previously set for the Oklahoma-Bovina consolidation elections, but there is nothing in the statute which would suggest that the Rhea Bovina consolidation elections of May 8 were not valid. Our courts have held that the power delegated to school districts to determine the question of consolidation is legislative in character; and under the elemental rules governing such circumstances, we are required to give the acts of the parties such a construction as will render them valid. Pleasant Valley Common School Dist. No. 7 et al. v. Storey, County Judge et al., Tex.Civ.App., 142 S.W.2d 258, writ refused; Baker et al. v. Brown, Dist. Atty. et al., Tex.Civ.App., 165 S.W.2d 522.

A careful review of the certified copies of the proceedings relative to the Rhea-Bovina elections reveals that the proper number of qualified voters of each of these two districts addressed a petition to the county judge of Parmer County asking that elections be called to determine whether the two districts should be consolidated; that on the same day the county judge ordered such elections for May 8; that on April 14 notices of the elections were posted in the respective districts; that the returns of the elections reflect that the proposition for consolidation carried in both school districts; that on May 10 the commissioners' court canvassed the returns of the two elections, and finding that the majority of votes cast in each district favored consolidation, the court ordered the proposition adopted; and that on May 24 the commissioners' court ordered the Bovina Independent School District and the Rhea Common School District consolidated.

■ The appellant alleges no fraud, legal or actual, nor does the appellant allege injury to anyone in the Rhea district. There are no irregularities or evidence of fraud apparent in these proceedings. There is nothing to show that the election prayed for by the petition signed by the 25 voters of the Rhea district was not lawfully held, and there is nothing to show that any resident of this district was injured as a result of this election. There is no question as to the genuineness of the election returns. The certified copies of these proceedings clearly and affirmatively evidence an intention to consolidate the Rhea district with the Bovina district, and thus we find the elections of May 8 to be valid. Since the only issue before the trial court was to determine the validity of the Rhea-Bovina elections, evidence of any other election was immaterial and the court did not err in overruling appellant's offer of the certified copies of the proceedings in the Oklahoma-Bovina elections, and for the reasons given the appellant's point of error in this connection is overruled.

■ Secondly, the appellant contends that the filing of the petitions on April 8, 1948, by the requisite number of qualified voters in the Oklahoma and Bovina districts, vested the voters of these districts with a prior and exclusive right to vote on the question of consolidating these two districts. It should be noted that although the Oklahoma-Bovina and the Rhea-Bovina elections were called for the same day, each had its separate judges and separate voting places. There is nothing in the record to show that any resident of either the Rhea district or the Bovina district was deprived of the right to vote or any privilege by the elections held to determine whether the Oklahoma and Bovina districts should be consolidated. If the calling of the Rhea-Bovina elections interfered with the Oklahoma district election, it would be a matter of concern to the Oklahoma district but of no interest to the parties to this suit. For this reason appellant's second point of error is overruled.

Third, the appellant insists that the proceedings of the Rhea-Bovina elections initiated by the petitions of April 14, 1948, were void and therefore the order of the commissioners' court on May 24, consolidating the two districts, was void and not admissible in evidence.

We cannot agree with the appellant in this contention. Under the authorities cited, it was the duty of the county judge upon receiving the petitions to call the elections; it was the duty of the commissioners' court to canvass the elections and declare the results, and finding that the proposition to consolidate the Rhea and Bovina districts had carried, it was the duty of that court to order the districts consolidated. Ferguson v. Huggins et al., 122 Tex. 95, 52 S.W.2d 904; McLemore et al. v. Stanford et al., supra. All of the proceedings of these elections appear to be regular. This suit was not filed until after the proper notices were given, the elections held, the results declared and the commissioners' court order of consolidation entered. The commissioners' court order of May 24 is valid on its face, and in our opinion, the trial court did not err in admitting it in evidence.

We have carefully examined all points of error raised in the appellant's brief. Finding no error, we affirm the judgment of the court below.