**Clifton L. JACKSON, Appellant,**

**v.**

**Johnnie SKRIVANEK, Appellee.**

No. 12999.

Court of Civil Appeals of Texas.
Galveston.

June 14, 1956.

Herman W. Mead, Houston, for appellant.

Edward Roche, Houston, for appellee.

HAMBLEN, Chief Justice.

This suit was instituted by appellee in the District Court of Harris County upon an alleged oral contract between appellee and appellant under the terms of which appellee was to plant, cultivate and harvest a crop of maize on appellant's land. It is alleged that appellee agreed to pay two-thirds of the cost of seed, fertilizer and harvest, and appellant agreed to pay one-third of such costs, and that the proceeds of the crop were to be divided between the contracting parties in that same proportion. Appellee alleged a breach of this contract by appellant in refusing to permit appellee to harvest the crop, and in harvesting the same himself without accounting to appellee for two-thirds of the proceeds thereof. Appellant defensively alleged an anticipatory breach and abandonment by appellee in failing to properly cultivate the crop, necessitating his undertaking such cultivation and harvesting the same.

Trial was before the court without a jury. At the conclusion of the evidence, the court rendered judgment in favor of appellee for the sum of $429.08. The litigants concede that this amount represents two-thirds of the amount realized by appellant in the sale of the crop harvested by him, without allowance for costs incurred in such harvest.

Appellant attacks this judgment in three points of error. His first point is directed to the error of the trial court in failing to make and file findings of fact and conclusions of law after timely request therefor.

Appellee concedes that appellant has complied with the requirements of Rules 296 and 297, Texas Rules of Civil Procedure, and that the trial court failed to file the requested findings and conclusions. He undertakes to justify the failure upon the proposition that the evidence is not conflicting, and establishes appellant's liability for the amount adjudged as a matter of law. The evidence appears from our examination to be conflicting with respect to the performance or non-performance by the contracting parties of their respective obligations. These conflicts are upon material issues of fact, and would support different conclusions of law respecting the rights of the parties. Under such circumstances, it has been held to be reversible error for the trial court to fail, upon proper request, to file findings of fact and conclusions of law upon which the judgment rests. It was so held by this Court in Richie v. State, 275 S.W.2d 723, wherein supporting authorities are cited. We sustain appellant's first point upon the authority of that case, and order that this cause be reversed and remanded.

Appellant's remaining points are directed to asserted errors, the commission of which cannot be ascertained in the absence of findings and conclusions by the trial court.

Reversed and remanded.