**KERMIT WHOLESALE LUMBER COMPANY, Inc., Appellant,**

v.

**Billy STANFIELD, Appellee.**

No. 3844.

Court of Civil Appeals of Texas.

Eastland.

Nov. 8, 1963.

Wesch & Swift, Kermit, for appellant.

Hill D. Hudson, Pecos, for appellee.

COLLINGS, Justice.

Kermit Wholesale Lumber Company, Inc., brought suit on a note against Billy Stanfield and J. E. Murphy as makers. Upon a trial before the court, without a jury, judgment was entered against Murphy as prayed but recovery against Stanfield was denied. Kermit Wholesale Lumber Company, Inc., has appealed.

The evidence shows that the material facts are as follows: That Murphy and Stanfield were operating West Texas Roofing Company, a corporation; that Murphy and Stanfield were the principal stockholders in the corporation and that it was becoming insolvent; that the roofing company owed an account to appellant Kermit Wholesale Lumber Company, Inc., and that Stanfield prepared and offered to give appellant two notes in payment of the account, one note signed by Stanfield and the other note signed by Murphy; that the note signed by Murphy was not acceptable to appellant until Stanfield signed as a co-maker; that Stanfield did sign such note which is the note here in question and that appellant accepted said notes in payment of the account of West Texas Roofing Company.

In appellant's first point it is contended that the court erred in failing to make and file findings of fact and conclusions of law after timely request and notice of failure to make findings and file conclusions was given.

Rule 296, Texas Rules of Civil Procedure provides as follows:

"Upon a trial by the court, the judge shall, at the request of either party,

which request shall be filed within ten days from rendition of final judgment or order overruling motion for new trial, state in writing the conclusions of fact found by him separately from the conclusions of law. * * * Such findings of fact and conclusions of law shall be filed with the clerk and shall be a part of the record. * * *"

Rule 297, T.R.C.P. provides as follows:

"When demand is made therefor, the judge of a district or county court thirty days before the time for filing transcript in the cause shall prepare his findings of fact and conclusions of law in any case tried before the court. If he shall fail so to prepare them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such period, call the omission to the attention of the judge, whereupon the period for due preparation and filing shall be automatically extended for five days after such notification."

The record indicates that on April 1, 1963, judgment nunc pro tunc for $2,100.00 and interest was entered against J. E. Murphy in favor of appellant, the judgment further provided that Stanfield was not indebted to appellant in any amount. Appellant thereafter, on the same day, in accordance with Rule 296, supra, requested in writing that the court file with the clerk findings of fact and conclusions of law. Appellant also gave notice of appeal from that portion of the judgment denying recovery against Billy Stanfield. On May 2, 1963, appellant filed with the court and clerk a notification to the court to file findings of fact and conclusions of law as provided by Rule 297, supra, and on May 9, 1963, filed with the judge and clerk of the court its bill of exceptions to the court's failure to make and file findings of fact and conclusions of law. This bill of exceptions was approved by the court. It thus appears that appellant duly filed its request for the court to file findings of fact and conclusions of law as provided by Rule 296, supra, and when the court failed to prepare and file such findings and conclusions that appellant, in compliance with Rule 297, supra, duly and in writing called the matter to the attention of the court.

An examination of the statement of facts shows that Harold E. Diller, Vice President and General Manager of appellant Kermit Wholesale Lumber Company, Inc., testified, in effect, that appellee Stanfield guaranteed the payment of the debts of the West Texas Roofing Company; that thereafter appellee assumed the indebtedness of the West Texas Roofing Company and in doing so gave appellant two notes, one signed by appellee alone and the other signed by both Murphy and appellee in extinguishment of the indebtedness of the West Texas Roofing Company. Diller also testified that he would not accept the note of Murphy alone as an extinguishment of a part of such debt but required that Stanfield become a co-maker of the note and that Stanfield in signing the note was accommodating Murphy. The testimony of appellee Stanfield indicates that he did not guarantee the indebtedness of West Texas Roofing Company and that when he signed the note with Murphy he did so with the understanding that he was accommodating appellant. It thus appears that the testimony of Diller and Stanfield are in conflict upon material issues of fact and that their testimony would support different conclusions of law concerning the rights of the parties. Under such circumstances it is reversible error for a trial court to fail to file findings of fact and conclusions of law upon which the judgment rests where, as here, proper request has been made therefor as provided in Rules 296 and 297, supra. Jackson v. Skrivanek, Tex.Civ.App., 292 S.W.2d 106; Richie v. State, Tex.Civ.App., 275 S.W.2d 723; Hoyt v. Geist, Tex.Civ.App., 364 S.W. 2d 461.

For the reasons stated the judgment is reversed and the cause is remanded.