**MOUNT ENTERPRISE INDEPENDENT SCHOOL DISTRICT et al., Appellants,**

**v.**

**Paul S. COLLEY et al., Appellees.**

**No. 316.**

Court of Civil Appeals of Texas.

Tyler.

Jan. 25, 1968.

Rehearing Denied Feb. 29, 1968.

J. C. Hinsley, Austin, for appellants.

Waldrop & Shaw, Charles W. Shaw, Henderson, for appellees.

DUNAGAN, Chief Justice.

This is an appeal by the Mount Enterprise Independent School District, Tom Vaught, Frank F. Evans, R. C. Phillips, B. W. Jackson, Odell Hodge, Curtis Hall, R. A. Hudson and Terrell Collier, appellants, from a judgment of the Fourth Judicial District Court of Rusk County, Texas, denying a writ of mandamus sought against the County Judge of Rusk County. Appellants' suit was instituted against Hon. Paul S. Colley, then County Judge of Rusk County; Henderson Independent School District; Minden Independent School District; the County School Trustees of Rusk County; and the County School Trustees of Panola County. Prior to the trial of the case below, the said Paul S. Colley resigned as County Judge and, on December 5, 1966, he was succeeded by Hon. F. R. Files, who was thereupon, by amended petition, made a party defendant to the suit. The cause was tried before the court without a jury.

Most of the facts material to a decision of the controversy were stipulated although some testimony was adduced upon the trial.

The principal question involved is whether, under Art. 2922a of the Vernon's Ann. Revised Civil Statutes of Texas,[1] the County School Trustees of Rusk County, either alone or in conjunction with the County School Trustees of Panola County, had the power to annex the Minden Independent School District to the Henderson Independent School District. The facts may be summarized briefly from the stipulation made by the parties. Appellant, Mount Enterprise Independent School District, is an independent school district situated wholly in Rusk County. Appellee, Henderson Independent School District, hereinafter referred to as "Henderson District," is an independent school district and, at all times material hereto, its territory was situated wholly within Rusk County. On and prior to September 16, 1966, Minden Independent School District, hereinafter referred to as "Minden District," was an independent school district. It was also known as a county-line district and a part of its territory was situated in Panola County.[2] The only schools, however, of such district were located in Rusk County and the Minden District, indisputably, was for school purposes under the administrative supervision of Rusk County.

On September 16, 1966, the County School Trustees of Rusk County, herein-

after referred to as "Rusk Trustees," passed an order pursuant to Article 2922a, aforesaid, reciting that the Minden District and the Henderson District were contiguous and that Rusk County had jurisdiction of the schools of such districts; that the Henderson District had more than 250 scholastics and the Minden District had less than 250 scholastics; that the Board of Trustees of each of said districts had consented to the annexation of the two districts. The order thereupon annexed the Minden District to the Henderson District under the provisions of Article 2922a aforesaid.

Commencing on September 16, 1966, the County School Trustees of Panola County, hereinafter referred to as "Panola Trustees," passed a series of orders relating to the annexation of the Minden District to the Henderson District. The matter was first considered by the Panola Trustees on September 16, 1966; however, the Board concluded at that time that it had not studied the question sufficiently in order to determine whether the annexation should be ordered and, accordingly, the meeting was adjourned for further consideration until September 21, 1966. At the September 21, 1966, meeting, the Panola Trustees decided that more study of the proposed annexation was desired and this meeting was adjourned until a later date. On September 28, 1966, at a called meeting, the Panola Trustees ordered the two districts annexed under the provisions of Ar-

1. This Statute was amended in 1967 by the 60th Legislature, p. 545, Chapter 240, Section 1, effective August 28, 1967. The relevant portions of the Statute at the time of the annexation involved herein read as follows:

"In each organized county in this state, and in any county which shall hereafter be organized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred (400) scholastic population and independent school districts having less than two hundred fifty (250) scholastic population, for the purpose of establishing and operating

rural high schools; provided, also, that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred fifty (250) scholastic population to a common school district having four hundred (400) or more scholastic population, or to an independent district having two hundred fifty (250) or more scholastic population. * * * "

2. Article 2922d, a part of Chapter 19A, Vernon's Annotated Statutes, authorizes the County Board of Trustees of two or more adjoining counties to establish a county line rural high school district and to designate the county which shall have supervision of said district.

ticle 2922a aforesaid. It was made known at that meeting, however, that a subsequent meeting of the Board would be necessary in order to ratify, confirm and adopt the action taken because two of the board members had not signed a waiver of notice and call for the meeting. Thereafter, on September 30, 1966, proper waivers having been obtained, the Panola Trustees again met and approved, by an order substantially the same as that passed by the Rusk Trustees, the annexation of the two districts.

It was further established that on September 26, 1966, there was presented to the County Judge of Rusk County a petition of certain individuals seeking a consolidation election[3] between the Mount Enterprise Independent School District and the Minden District. Thereafter, about September 30, 1966, the County Judge held an informal hearing at which all interested parties presented their views with reference to the power of the court to order the election. The judge requested briefs to study the question as to whether he could legally call the election and, having concluded that he could not legally do so, on October 17, 1966, he so advised the parties. No question has been raised as to the qualifications of the persons petitioning the court for the election. The County Judge determined that the petition was signed by the requisite number of qualified citizens of the Mount Enterprise and Minden Districts. Because of the refusal of the County Judge to order the consolidation election, appellants instituted this mandamus suit below, and have timely perfected their appeal from the judgment denying mandamus.

Although there are subsidiary questions involved on this appeal, the crucial issue relates to the power of the County School Trustees to annex independent school districts under Article 2922a. Appellants contend under Points of Error Nos. 1, 2, 7,

8 and 10, that the Rusk Trustees and the Panola Trustees had neither the authority nor the power under Article 2922a, either singly or in concert, to annex the county-line Minden District. Appellants, under Points of Error Nos. 3, 4, 5, 9, 11 and 12, further contend that there was no valid annexation and that the County Judge of Rusk County should have ordered the consolidation election sought by them under Article 2806, Revised Civil Statutes of Texas, and that the trial court erred in refusing mandamus. Appellees assert that the trial court did not err in refusing mandamus because the annexation of the Minden District to the Henderson District by the Rusk Trustees and Panola Trustees, or by either of them, was authorized under the provisions of the Statute. Appellees do not deny that the County Judge under Article 2806 has authority to call elections for the consolidation of districts, but appellees contend that the Panola Trustees, by commencing a consideration of the annexation under Article 2922a on September 16, 1966, its jurisdiction of the matter was then invoked and such jurisdiction continued until the final order of annexation was made on September 30, 1966. Appellees further contend that under Article 2922a, the Rusk Trustees had the power and authority to annex the two districts without the consent of the Panola Trustees but, they argue further, in the event such contention is erroneous, nevertheless, the School Trustees of both counties jointly had the power and authority under the Statute to order the annexation. The above Points of Error are grouped for discussion.

It is well settled in this state that Statutes relating to the creation and operation of rural high school districts should be liberally construed with a view of effectuating the intention of the legislature, Fairfield Independent School Dist. v. Streetman Independent School Dist., 222 S.W.2d

---

**3.** Article 2806, Revised Civil Statutes of Texas, 1925, requires the County Judge to order elections when the requisite number of legally qualified voters of each of several contiguous common school districts, or contiguous independent school districts, requests a consolidation of such districts for school purposes.

651 (Tex.Civ.App., Waco, 1949, no writ); Elliott Common School Dist. No. 48 v. County Board of School Trustees, 76 S.W. 2d 786 (Tex.Civ.App., Texarkana, 1934, err. dism.); County Board of School Trustees, etc. v. Wilson, 15 S.W.2d 144 (Tex.Civ. App., Waco, 1929, err. dism.). Article 2922a forms a part of Chapter 19A of Title 49, Vernon's Texas Civil Statutes, which provides in detail for the establishment, operation and control of rural high school districts as part of the general system of public education in this state. The only part of Article 2922a, all parties concede, which could have any application here is as follows:

"  *   *   * provided, also, that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred fifty (250) scholastic population to a common school district having four hundred (400) or more scholastic population, or to an independent district having two hundred fifty (250) or more scholastic population. *   *   *"

Such provision, it has been held by the Supreme Court of Texas, did not have the effect of providing a second method of *forming* rural high school districts, but the legislature did intend by such enactment to provide a second method of providing for better and stronger rural schools, State ex rel. Childress v. School Trustees of Shelby County, 150 Tex. 238, 239 S.W.2d 777 (1951). While the quoted provision admittedly does not in express language include "county-line districts," the latter are not expressly excluded from the benefits thereof. We are not prepared to say that the legislature intended to deny county-line school districts the privilege of better rural high schools or that the Statute is not broad enough to permit the annexing where one or more of the school districts are county-line districts. The whole purpose of the legislation is to provide for stronger rural high schools and the mere

fact that a small portion of the Minden District lies within Panola County should not deprive the District of the benefits of the Statute. This is especially true under the facts in this case wherein both the Rusk Trustees and the Panola Trustees have jointly ordered the annexation of the two districts.

The Minden District, as a county-line district, was created by virtue of Art. 2922d, which like the Article under consideration, forms a part of Chapter 19A of Title 49 aforesaid. While a part of the Minden District lies in Panola County, it is undisputed that the Rusk County Trustees had the supervision of the Minden District and all of the schools of the latter district actually lie within Rusk County. Article 2922d, in express language, states that a county-line rural high school district, when created thereunder, shall be governed as other rural high school districts "herein provided for." It is persuasive therefore that the legislature intended that the county-line districts created under Article 2922d would be extended the benefits of an independent school district and if such districts qualify within the statutory scheme of scholastic population and otherwise, there is no doubt that the Rusk Trustees and the Panola Trustees, in concert at least, have the power under the Statute to annex the Henderson and Minden Districts.

■ In support of appellants' contention that the Panola Trustees did not acquire jurisdiction, they cite London Independent School Dist. v. Thomerson, 223 S.W.2d 314 (Tex.Civ.App., San Antonio, 1949, err. dism.). In the London case, which is distinguishable from the case under consideration here, the County Board took no action whatsoever when the matter of annexation was first submitted to it. In the case at bar, some action was taken by the Panola Trustees on September 16, 1966, as is reflected by the minutes of the meeting of said Panola Trustees. The matter of the annexation was discussed by the board

members and the board concluded that additional study should be made of the question. It is clear that the Panola Trustees actively acquired jurisdiction of the subject matter on September 16, 1966.

Although not speaking directly to the point in question, the court, in Dickens Independent School District No. 905 v. County School Trustees of Dickens County, 322 S.W.2d 544 (Tex.Civ.App., Amarillo, 1959, n. r. e.) had no difficulty in upholding an annexation although the pleadings in the case disclosed that one of the districts was a "county-line" district. In the Dickens case, the Dickens County School Trustees filed suit seeking to have declared invalid an order passed by the County School Trustees annexing the Dickens Independent School District to the Spur Independent School District of Dickens County. A part of the Spur Independent School District was located at the time of annexation in Kent County and no consent had been obtained from the Kent County School Trustees for the annexation. The parties had, however, stipulated that both independent school districts were in Dickens County, but the pleadings disclosed that the Spur Independent School District extended over into Kent County although the Spur District schools were under the control of the Dickens County School Trustees. The court held that the trial court was justified in concluding under Art. 2922a the authority existed for the annexation in question and that such authority was not affected by the fact that one of the districts had some territory lying in another county. The court approved the annexation although no consent had been obtained from the Kent County School Trustees.

■ Appellants argue, however, that inasmuch as the final order of the Panola Trustees confirming the annexation was not entered until September 30, 1966, and since appellants had on September 26, 1966, tendered a proper petition for the consolidation election, the Panola Trustees had no power to order or consent to the annexation. We cannot agree with this contention because the law is well settled that where the powers of two bodies are coordinate or equal, the tribunal first acquiring jurisdiction has the right to retain it until it has completely disposed of all matters and issues so presented to it. State ex rel. George v. Baker, 120 Tex. 307, 40 S.W.2d 41 (1931); Erath County School Trustees v. Hico County Line Independent School District, 247 S.W.2d 564 (Tex.Civ.App., Eastland, 1952, err. ref.); Handley v. Coker, 248 S.W.2d 814 (Tex.Civ.App., Beaumont, 1952, err. ref.).

It is our view that when the Panola Trustees on September 16, 1966, first undertook a consideration of the advisability of annexing the Minden District to the Henderson District, its jurisdiction was thereupon invoked and such jurisdiction continued until the Panola Trustees terminated the matter by finally confirming the order of annexation on September 30, 1966. It would be a harsh construction of the law to require that, to be effective, the Board would have to undertake to consider and complete the matter in one meeting. The Board certainly had the right, if not the duty, to continue the hearing on the matter of annexation until such time as it satisfied itself as to whether such annexation was advisable and in the best interests of the schools involved. The Board was entitled to a reasonable time within which to make such a determination and we do not find unreasonable the time consumed in this case.

■ All parties cite and quote from the case of State ex rel. Childress v. School Trustees of Shelby County, supra. The cited case did not decide or discuss the question presented here. The court held in part that Article 2922a provided two methods of strengthening and improving rural schools, namely, (1) by the *creation* of rural high school districts through "grouping" (not involved in the case before us), and (2) by strengthening existing common and

independent districts through "annexation" of other districts thereto. The court held that the statute did not authorize the *creation* of rural high school districts through the annexation process. That is not here involved. Since we hold that under Article 2922a, the Rusk and Panola Trustees, acting in concert, had the power to order the annexation, we do not reach the question as to whether the Rusk Trustees alone had such power. Appellants' remaining point (6) complains of error in the failure of the trial court to timely file findings of fact and conclusions of law as required, upon proper request, by Rules 296 and 297, Texas Rules of Civil Procedure. The transcript was filed with the Clerk of this Court on May 24, 1967, together with the statement of facts. Thereafter, on June 15, 1967, a supplemental transcript containing the trial court's findings of fact and conclusions of law was tendered and filed with the Clerk of this Court. Although not timely filed by the trial court, this Court has considered the findings and appellants' arguments attacking the same. The general rule is that the failure of the trial court to file findings of fact and conclusions of law upon proper request may constitute reversible error if the complaining party has suffered injury thereby. Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117 (1944). Here, however, the findings and conclusions were filed, although late. The completed record is before this Court and appellants have shown no harm by reason of the late filing. Under such circumstances, reversible error is not shown. Tippit v. Tippit, 360 S.W.2d 177 (Tex.Civ.App., Beaumont, 1962, n. w. h.); Schwartz v. Jacob, 394 S.W.2d 15 (Tex.Civ.App., Houston, 1965, writ ref., n. r. e.). The one case cited and relied upon by appellants is Jackson v. Skrivanek, 292 S.W.2d 106 (Tex.Civ.App., Galveston, 1956, n. w. h.). The cited case is not in point because the findings and conclusions therein were never prepared or filed by the trial court.

Finding no reversible error herein, the judgment of the trial court is affirmed.