**The COUNTY BOARD OF SCHOOL TRUSTEES OF HEMPHILL COUNTY, Appellant,**

v.

**Tommy Lee DETRIXHE et al., Appellees.**

**No. 8138.**

Court of Civil Appeals of Texas, Amarillo.

July 6, 1971.

Rehearing Denied Aug. 2, 1971.

William J. Jackson, Canadian, Smith, Teed, Wade & Waters, Bill Waters, Pampa, for appellant.

Sansing & Sansing, Mack Sansing, Higgins, Underwood, Wilson, Sutton, Heare & Berry (H. A. Berry), Amarillo, for appellees.

JOY, Justice.

This is a suit brought by residents of Patton County School District No. 11 (appellees) to have the court declare the action of the County Board of School Trustees of Hemphill County (Trustees) in annexing Patton Common School District No. 11 (Patton) to the Canadian Independent School District (Canadian) null and void. From judgment for plaintiffs below, the Trustees have here appealed.

Reversed and rendered.

On February 27, 1970, the Trustees held a called meeting for the stated purpose of considering the consolidation of the only three common school districts of Hemphill County, one of which was Patton, with the Canadian Independent School District. After discussing the annexation, the Trustees continued the meeting to March 5, 1970, for further consideration. On March 2, 1970, the petition was presented to the county judge of Hemphill County to call an election in the Patton School for the purpose of voting upon consolidation of Patton with the Higgins Independent School District of Lipscomb County. The county judge set the election for April 4, 1970. On the same date of March 2, 1970, a petition was submitted to the county judge of Lipscomb County and an election called in the Higgins District on April 4, 1970, on the matter of consolidation. At the continued meeting of the Trustees on March 5, 1970, an order was entered by the Trustees annexing Patton with the Canadian Independent School District of Hemphill County.

The sole question for determination here is whether or not the Trustees had acquired exclusive jurisdiction to annex Patton by reason of its called meeting of February 27, 1970, so as to pre-empt any action by

Patton and Higgins to call the elections for consolidation. No contention is here made that the Trustees' meeting was irregular in any respect, either the February 27th meeting or the continuation of that meeting on March 5th. The rule as expressed in State ex rel. George v. Baker, 120 Tex. 307, 40 S.W.2d 41 (1931), is still the accepted rule in this state, although the problems have arisen in its application. The court in Baker, p. 43, stated:

"It is the rule of this state and practically the universal rule that, where coordinate jurisdiction over a particular subject-matter is vested in two distinct tribunals, the tribunal first acquiring jurisdiction has the right to retain jurisdiction until it has completely disposed of all matters and issues so presented to it, and no co-ordinate tribunal has any right to interfere with the tribunal first acquiring jursidiction. (citing cases). These authorities involve the power of courts, but we think the same principle applies here."

The Trustees' authority for their action in annexing a common school district to an independent school district stems from § 19.001 of the Texas Education Code, V. T.C.A. Section 19.231 of the same code provides for the procedures of consolidation of school districts by petition presented to the county judge or judges requesting the calling of an election within the school districts to be consolidated. No questions have been raised here as to the validity of the procedures under either section. Section 19.001 reads in part as follows:

"Enlarged Districts

"(a) The county school trustees or county boards of education, as the case may be, in any county in this State, shall have the authority to create enlarged districts by either of the following methods:

"* * *

"(2) By annexing one or more common school districts or one or more

independent school districts having a scholastic population of less than 250 to an independent school district having 150 or more scholastic population * * *."

As noted the statute provides for no action to be taken other than the act of annexation upon the part of the Trustees. Appellees rely upon the language in London Independent School District v. Thomerson, 223 S.W.2d 314 (Tex.Civ.App.—San Antonio 1949, writ dism'd) wherein that court in construing Articles 2922a and 2922c, Vernon's Annotated Civil Statutes, stated:

"The first legal action required in the forming of a rural high school district under these articles is the ordering of an election by the county board * * *."

We think that case is sufficiently distinguishable as to not be controlling of this case. We are inclined to approve and follow the rule as set out in Mount Enterprise Independent School District v. Colley, 424 S.W.2d 650 (Tex.Civ.App.—Tyler 1968, no writ history) and later followed in the recent case of Barnhart Independent School District v. Mertzon Independent School District, et al., 464 S.W.2d 197 (Tex.Civ. App.—Austin 1971, writ ref'd, n. r. e.). The trial court in Mount Enterprise, supra, 424 S.W.2d at p. 655, stated:

"It is our view that when the Panola Trustees on September 16, 1966, first undertook a consideration of the advisability of annexing the Minden District to the Henderson District, its jurisdiction was thereupon invoked and such jurisdiction continued until the Panola Trustees terminated the matter by finally confirming the order of annexation on September 30, 1966. It would be a harsh construction of the law to require that, to be effective, the Board would have to undertake to consider and complete the matter in one meeting. The Board certainly had the right, if not the duty, to continue the hearing on the matter of annexation until such time as it

satisfied itself as to whether such annexation was advisable and in the best interests of the schools involved. The Board was entitled to a reasonable time within which to make such a determination and we do not find unreasonable the time consumed in this case."

Although Mount Enterprise was concerned with Article 2922a, now repealed, § 19.001 provides essentially the identical authority of county school boards to annex school districts. In Barnhart, supra, the facts were similar to those herein in that the Trustees of Irion County had called a meeting for August 11, 1969, to consider the matter of annexing Barnhart with Mertzon Independent School District. The August 11 meeting was continued to August 13, 1969, for the purpose of further considering the matter. On August 13, before the trustees had formally annexed Barnhart Independent School District by order, the president of Barnhart District presented a petition to the county judge of Irion County to consolidate Barnhart with the Reagan County Independent School District. The county judge refused to consider the petition on the ground that the Irion County Trustees were still in session and considering the annexation. The Austin court disposed of the question of prior jurisdiction by stating:

" * * * This contention (pre-emption of jurisdiction by the submission of the petition to the county judge) is not correct inasmuch as jursidiction of the subject matter had been preempted by the School Trustees of Irion County at its August 11th meeting and was retained by them until the matter was settled on August 13, 1969. (citing Mount Enterprise, supra)."

Here the Hemphill County Trustees had pre-empted jurisdiction at their called meeting of February 27, 1970, when the matter of annexing Patton to Canadian was considered and was entitled to exclusive jurisdiction for a reasonable time as long as they in good faith entertained and continu-

ed to pursue the matter. By continuing the meeting to March 5, 1970, for the purpose of further study and investigation the Trustees did not abandon that jurisdiction and the actions of the county judges of Hemphill and Lipscomb Counties in calling the election to consider consolidation of Patton with Higgins were null and void and the elections a fortiori null and void and of no force and effect. The order of the Trustees annexing Patton to Canadian was a valid exercise of the power of the Trustees.

The judgment of the trial court is hereby reversed and the elections are held null and void and the order of the Trustees of Hemphill County in annexing Patton Common School District to Canadian Independent School District is hereby ordered enforced as a valid order. The case is remanded to the district court for entry of an order in conformance herewith.