

# The Attorney General of Texas

November 10, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Donald L. Wilson
Callahan County Attorney
Callahan Courthouse
Baird, Texas 79504

Opinion No. MW-266

Re: Procedure for holding a school consolidation election

Dear Mr. Wilson:

The Hamby, Clyde and Abilene Independent School Districts are contiguous, and each district has boundaries in two or more counties. At least twenty days prior to April 5, 1980, petitions requesting consolidation of the Hamby and Clyde school districts were presented to the county judges in each county in which the districts are located. During the same time period, petitions calling for consolidation of the Hamby and Abilene school districts were presented to the county judges of the relevant counties. Your questions are essentially as follows:

1. Should the county judges schedule elections on both petitions for the same day or for different days?

2. If the former:

   (a) Should separate voting places, judges, tallies, etc., be maintained for each proposal in the Hamby district?

   (b) If both proposals are approved, could the commissioners courts declare the new consolidated district to be the one carrying by the largest majority in Hamby, or should the election results be determined in some other manner?

   (c) If an election is declared void, will the one-year prohibition as to a second election be operative?

3. May a consolidation election be held in November, 1980?

The adequacy of the petitions is not disputed.

Statutes governing school district consolidations are contained in the Education Code in sections 19.231 to .247 (formerly article 2806, V.T.C.S.). Section 19.232 thereof provides that:

> A petition signed by 20 or a majority of the legally qualified voters of each of the several contiguous school districts proposed to be consolidated and praying for an election to authorize the consolidation shall be presented to the county judge of the county in which the school districts are located, or if one or more districts to be consolidated is a county-line district, to the county judge of the respective county or counties having jurisdiction thereof.

Section 19.233 provides that upon receipt of a petition fulfilling the requirements of section 19.232, each county judge shall:

> (1) issue an order for a [sic] election to be held on the same day in each district included in the proposed consolidated district;. . .

The statutes do not specify the procedure to be followed in the event that two petitions involving the same district are filed.

The law was settled that under former article 2806, V.T.C.S., a county judge:

> acquired jurisdiction to call an election on a question of consolidating school districts immediately upon the presentation and acceptance by him of a proper petition therefor.
>
> Upon the presentation of the petition for an election. . . it was the ministerial duty of the County Judge to order the election.

Garrett v. Unity Common School District, 211 S.W. 2d 238, 240 (Tex. Civ. App. – Eastland 1948, writ ref'd n.r.e.). In London Independent School District v. Thomerson, 223 S.W. 2d 314, 319 (Tex. Civ. App. – San Antonio 1949, writ dism'd), the court stated the rule in this manner:

> . . .exclusive jurisdiction of a tribunal. . . is fixed when the first legal step or action required by the statute authorizing the creation of the proposed district is actually taken.   Art. 2806. . . does require the filing of a petition, and when such petition is filed exclusive jurisdiction is fixed in the county judge or judges with whom the same is filed.

See also Griesenbeck v. Schindler, 552 S.W. 2d 203 (Tex. Civ. App. – Eastland 1977, writ ref'd n.r.e.); Rhea Common School District v. Bovina Ind. School District, 214 S.W. 2d

660 (Tex. Civ. App. - Amarillo 1948, writ dism'd). Since the legislature did not alter the relevant statutory language when it enacted sections 19.231 to .247 of the Education Code, this rule remains intact. Accordingly, when the county judges accepted the Hamby-Clyde or the Hamby-Abilene petition, whichever act occurred first, they acquired jurisdiction over that petition and had a ministerial duty to order an election upon it. The question is whether the act of accepting the first petition deprived the judges of authority to schedule an election upon the second petition until the first matter had been resolved.

The cases in this area are inconclusive. Most involve jurisdictional disputes between coordinate tribunals, i.e., a county judge and a county school board. In this context, the settled rule is that where coordinate tribunals have jurisdiction over the same subject matter, the tribunal which first acquires jurisdiction has the right to retain it until it disposes of the matter free from interference from the other tribunal. Griesenbeck v. Schindler, supra; Mt. Enterprise Ind. School District v. Colley, 424 S.W. 2d 650 (Tex. Civ. App. - Tyler 1968, no writ). See also Attorney General Opinion O-778 (1939) (county judge should not order election on Clyde-Midway consolidation proposal because he had already scheduled election on Midway-Baird petition). However, this rule has not been applied in the few cases wherein a single county judge received both petitions and there was no conflict between tribunals. For example, in Rhea, supra, elections on petitions requesting consolidation of the Oklahoma and Bovina school districts and the Rhea and Bovina school districts were scheduled for the same day, although the county judge received the Oklahoma-Bovina petition four days before the Rhea-Bovina petition. In a suit for declaratory judgment following defeat of the former proposal and approval of the latter, the court rejected the argument that the filing of the Oklahoma-Bovina petition gave voters in those districts a prior and exclusive right to vote on that consolidation; the court did, however, state that as a practical matter, the Rhea-Bovina election should have been scheduled for a later date. See also West End Rural High School District v. Columbus Ind. School District, 221 S.W. 2d 777 (Tex. 1949).

Your situation has elements common to both lines of cases discussed above, and therefore neither line conclusively disposes of the question before us. However, careful analysis of the reasoning employed in those cases leads us to conclude that the principles stated in Griesenbeck and Mt. Enterprise and reflected in the court's suggestion in Rhea, are sounder and would most likely be applied in the event of a legal contest. We have noted that the act of accepting the first of these petitions vested exclusive jurisdiction over that petition in the county judges, who at that point acquired a duty to order an election upon that petition. London Ind. School District v. Thomerson, supra; Garrett v. Unity Common School District, supra. We think it would be consistent with the concept of exclusive jurisdiction for the judges to hold the second petition in abeyance until the first proposal is approved or rejected by the voters. See Attorney General Opinion O-778 (1939). Accordingly, we conclude that the county judges of Taylor, Jones, Callahan and Shackelford counties must determine which petition was the first to be filed and accepted in all four counties and then schedule an election upon that petition. If the election on the first petition results in consolidation of those districts, the second petition would become invalid. West End

Rural High School District v. Columbus Ind. School District, supra. The question of which petition was filed and accepted first is a fact question to be resolved by the four county judges involved.

Parenthetically, we observe that even if both elections could be scheduled for the same day, there is a convincing practical reason for not doing so. The election contest procedure set forth in the Election Code is available to contest school elections. Elec. Code arts. 9.01, .30. See Roberts v. Brownsboro Ind. School District, 575 S.W. 2d 371 (Tex. Civ. App. - Tyler 1978, writ dism'd). If both proposals were approved, a court might be compelled to void the elections on the ground that it would be impossible to ascertain the true results thereof. Elec. Code art. 9.15.

Our disposition of the first question renders consideration of your second question unnecessary.

Your last question is whether a consolidation election may be held in November, 1980. Article 2.01b(a) of the Election Code provides that in even numbered years elections of certain officers and amendments to the Texas Constitution are the only issues that may be submitted to the voters in November. Thus, we conclude that a school consolidation election may not be held in November, 1980.

## S U M M A R Y

The county judges of Taylor, Callahan, Jones and Shackelford counties must determine whether the Hamby-Clyde or the Hamby-Abilene petition was filed and accepted first, and then schedule an election upon that petition. An election on the second petition may not be ordered until the first matter is resolved. A school consolidation election may not be held in November, 1980.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Walter Davis
Rick Gilpin
Bruce Youngblood