In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-224 CV


____________________



PAUL TAYLOR, Appellant



V.



MELISSA RILEY, Appellee






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-164,183






O P I N I O N


 Following a bench trial, the trial court found in favor of Melissa Riley and awarded
her $13,460 on her contract claim against Paul Taylor. She also was awarded $1,000 in
prejudgment interest, and $4,500 in attorney's fees. Bringing six issues, Taylor appeals. 

 Riley and Taylor originally had agreed for Taylor to purchase Riley's RPS (Federal
Express) delivery truck as well as her route for $21,200, with Taylor to make a $1,000
earnest money payment. Taylor paid the earnest money but later raised concerns about the
vehicle's engine. After Riley agreed to reduce the price, Taylor executed a note for
$8,960 and delivered a $7,000 escrow check to his attorney. Riley ultimately filed a
lawsuit alleging non-payment of the note, failure to tender escrow monies, and breach of
contract. Taylor counterclaimed, alleging fraud and breach of contract. 

 At the end of trial testimony, the court requested both parties to prepare findings
of fact and conclusions of law. After Riley filed a "Plaintiff's Summation" and Taylor
filed his proposed findings of fact and conclusions of law, the trial court filed its findings
of fact and conclusions of law, which were in Riley's favor. Those findings, filed on
November 26, 2001, were as follows: 


 On July 6, 2000, Taylor and Riley entered into a written contract for
Taylor's purchase of Riley's vehicle and R.P.S./Federal Express
route for the sum of $21,200.


 


 As a result of concerns about the vehicle, Taylor and Riley
renegotiated a second written contract on August 1, 2000, reducing
the sale price. At this time Taylor placed $7,000 in escrow, on
deposit with his attorney. (1)


 


 The only condition precedent to the contract was approval of Taylor
by R.P.S. Taylor was approved on September 5, 2000. The new sale
price represented the value of the route. Taylor agreed to take the
vehicle "as is."


 


 Taylor was represented by counsel throughout negotiations and
execution of the contract.


 


 Pursuant to the August 1, 2000 contract, Taylor paid Riley $1,000.


 


 Taylor and Riley entered into subsequent negotiations in September,
2000; however, such agreement, if any, never was reduced to writing
nor executed by either party.


 


 Taylor failed to abide by the terms and conditions of the enforceable
August 1, 2000 contract by abandoning the route and refusing to pay
the purchase price.


 


 Subsequent to the collapse of the deal, Riley sold the truck for
$2,500.



 Prior to judgment, Taylor filed a motion to reopen, offering as evidence the
affidavit of his attorney, Rodney Price. In his affidavit, Price stated Taylor had delivered
a $7,000 check to Price's office with instructions "to hold said check and to not deposit
it for collection." Price further stated his office had "never had possession of the
$7000.00 represented by this check. . . ." On March 4, 2002, the trial court granted the
motion, and also entered judgment, which incorporated the judgment amounts set out in
conclusion of law III with one exception: the judgment did not order any sums to be paid
from Price's trust account. 

 On March 25, 2002, Taylor filed a request for findings of fact and conclusions of
law. The request did not propose any specific findings or conclusions for the trial court's
consideration. Subsequently, Taylor filed his notice of past due findings of fact and
conclusions of law. 

 As Taylor raises certain procedural matters regarding the trial court's alleged failure
to make findings of fact, we first consider the applicable rules regarding such findings. 
See Tex. R. Civ. P. 296 - 299a. In a case tried without a jury, any party may request the
trial court to state in writing its findings of fact and conclusions of law. Tex. R. Civ. P.
296. The request must be filed within twenty days after the judgment is signed. Id. The
trial court must file its findings of fact and conclusions of law within twenty days after a
timely request is filed. Tex. R. Civ. P. 297. If the trial court fails to file timely findings
of fact and conclusions of law, the requesting party, within thirty days after filing the
original request, shall file its notice of past due findings and conclusions. Id. After the
trial court files original findings of fact and conclusions of law, any party has ten days
from the court's original filing to request specified additional or amended findings or
conclusions. Tex. R. Civ. P. 298. The trial court must file any appropriate additional or
amended findings and conclusions within ten days after such request is filed. Id. When
findings of fact are filed by the trial court, they form the basis of the judgment upon all
grounds of recovery and of any defense embraced therein. Tex. R. Civ. P. 299. The
judgment may not be supported upon appeal by a presumed finding upon any ground of
recovery or defense, no element of which has been included in the findings of fact. But
when the trial court has found one or more elements of a ground of recovery or defense,
the appellate court must presume omitted, unrequested elements in support of the
judgment. Id.

 In issues four and five, Taylor maintains the trial court erred in failing to make the
findings of fact he requested because (1) there existed two or more possible sets of facts
upon which the court could have ruled in determining damages and thus Taylor was
prevented from properly presenting his case on appeal and (2) the parties' testimony was
in conflict upon material issues of fact and would have supported different conclusions of
law. A threshold question for both of these issues is whether the trial court failed to make
findings of fact and conclusions of law.

 While Taylor concedes the trial court filed an instrument entitled "Findings of Fact
and Conclusions of Law," he asserts this instrument is a "nullity as it did not comply with
the Texas Rules of Appellate Procedure." Taylor notes that the trial court's findings and
conclusions were filed not only before a Rule 296 request and before judgment, but also
before all the evidence was admitted. While recognizing that Rule 306c (2)
 provides a
procedure for handling prematurely filed requests for findings as well as for motions for
new trial, Taylor argues that no comparable provision exists for findings that are
prematurely filed. He maintains that a trial court's filing its findings "prematurely" causes
parties to be unable to determine when to properly file a Rule 298 request for specified
additional or amended findings or conclusions.

 However, the applicable rules of procedure do not prohibit the trial court from filing
findings of fact and conclusions of law prior to entering its judgment. See Tex. R. Civ. 
P. 296 - 299a. Moreover, Rule 298 clearly provides that any request for specified
additional or amended findings or conclusions "shall be made within ten days after the
filing of the original findings. . . ." Tex. R. Civ. P. 298. Here, after requesting proposed
findings and conclusions from the parties, the trial court filed its findings of fact and
conclusions of law on November 26, 2001. Within ten days from that date, Taylor was
required to file his request for any specified additional or amended findings or conclusions,
but he did not do so.

 Taylor cites no case law supporting his argument that it is improper for the trial
court to file findings and conclusions prior to entering judgment or that such action by the
trial court prevents a party from requesting specified additional or amended findings or
conclusions under Rule 298, and we have found none. 

 In three of the cases cited by Taylor, the trial court never prepared any findings of
fact or conclusions of law; here the trial court did. See Electronic Power Design, Inc. v.
R.A. Hanson Co., Inc., 821 S.W.2d 170, 171 (Tex. App.--Houston [14th Dist.] 1991, no
writ); Joseph v. Joseph, 731 S.W.2d 597, 598 (Tex. App.--Houston [14th Dist.] 1987, no
writ); Jackson v. Skrivanek, 292 S.W.2d 106, 107 (Tex. Civ. App.--Galveston 1956, no
writ). Taylor also cites a fourth case, In re Marriage of Edwards, 79 S.W.3d 88 (Tex.
App.--Texarkana 2002, no pet. h.), which involves the trial court's denial of a timely
request for additional or amended findings. See Edwards, 79 S.W.3d at 94. But, Taylor
did not make such a request. 

 As to Taylor's argument that the trial court's reopening of the evidence affected the
validity of its earlier findings, we note the sole evidence received was Taylor's counsel's
affidavit regarding escrow monies. The affidavit stated Taylor's escrow check was never
deposited into the attorney's trust fund account. No evidence was presented about the
parties' negotiations or about the amount of consideration to be paid, the element
contended by Taylor to be ambiguous. The affidavit's only impact was on conclusion of
law III, which provided for Taylor's counsel to pay Riley $7,000 from his trust fund.
However, the trial court's judgment simply awarded damages to Riley, without specifying 
that any of the award was to come from the trust fund. Taylor fails to explain how the
additional evidence adversely affected the trial court's findings or his appellate case. 

 Issues four and five are overruled.

 Issue six contends the trial court erred by not making the findings and conclusions 
requested by Taylor and that such error resulted not only in the absence from the record
of: (1) any request for or (2) specific findings regarding Taylor's ambiguity defense but
also in Taylor's waiver of that defense. However, as noted above, the trial court filed its
findings and conclusions. If Taylor had considered additional findings and conclusions to
be necessary to preserve his defenses, he should have requested them within ten days after
the trial court filed its original findings and conclusions. See Tex. R. Civ. P. 298. Issue
six is overruled.

 In issues one and two, Taylor challenges the sufficiency of the evidence. In issue
one, he claims that the evidence was factually and legally insufficient to support the trial
court's presumed finding that he failed to prove his affirmative defense of ambiguity. In
issue two, Taylor asserts the trial court erred by rendering judgment for Riley on the
contract claim as there was insufficient evidence showing there was a meeting of the minds
of the two parties. 

 When considering sufficiency of the evidence questions arising from a bench trial, 
we review a trial court's findings of fact for legal and factual sufficiency by the same
standards that are applied in reviewing the sufficiency of evidence supporting jury findings. 
See Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). To determine whether there
is legally sufficient evidence, all the record evidence and inferences must be viewed in a
light most favorable to the findings. Formosa Plastics Corp. USA v. Presidio Engineers
& Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998). Anything more than a scintilla of
evidence is legally sufficient to support the findings. Id. In reviewing factual sufficiency
issues, we consider all of the evidence to determine whether the findings are so against the
great weight and preponderance of the evidence as to be manifestly unjust. Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986). Further, we defer to the trier of fact on issues of the
credibility of the witnesses and the weight to be given their testimony. Jaffe Aircraft Corp.
v. Carr, 867 S.W.2d 27, 28 (Tex. 1993). The appellate court must not retry the case or
substitute its judgment or opinion for that of the trier of fact. Harris v. Nelson, 25 S.W.3d
917, 919-20 (Tex. App.--Beaumont 2000, no pet.). 

 In support of his first and second issues, Taylor argues that the amount of
consideration was ambiguous. However, Taylor concedes that the August 1 instruments
provided for a note of $8,960 and a total contract price of $16,960. 

 Taylor offers portions of Riley's testimony, seeking to demonstrate that the parties 
considered the August 1 documents to be simply another earnest money agreement with
any sale contingent on the happening of future events. The first portion is as follows:

 [Defense Counsel]: . . . And then do you recall being present at that office
and developments immediately after you signed the papers to cause you to
basically invalidate those papers to ways we will just hold them for further
developments?


 [Riley]: On August 1st ?


 [Defense Counsel]: Yes ma'am.


 [Riley]: He had not completed truck driving school yet. He had not gone
to truck driving school. So, therefore, he was not approved yet. We
couldn't do anything until he was approved by RPS as a driver. 


The second portion of testimony to which Taylor refers is as follows: 


 [Defense Counsel]: Did you recall immediately after you signed the papers
learning some new developments and everyone agreeing that you would just
hold the papers?


 [Riley]: I don't know what you're speaking of. I knew we were going to
. . . wait until he was approved to do anything.


 [Defense Counsel]: Okay.


 [Riley]: If that's what you're speaking of. The contract?


 [Defense Counsel]: Yes, ma'am.


 [Riley]: Okay.

 However, these portions of Riley's testimony do not show she considered the
August 1 documents to be invalid or that the parties agreed to "hold them." Rather, this
testimony could have been considered by the trial court to be consistent with the provisions
of the August 1 note that provided the first installment was not due until the contract with
RPS/FedEx Ground was approved. If the contract had never been approved, no note
payments would ever have been due.

 Other portions of Riley's testimony that Taylor references show that subsequent to
August 1, the parties were renegotiating the price Taylor had agreed to pay. Riley's
testimony clearly shows that there was confusion about the renegotiations. Though Riley
offered to reduce the price to $14,000 in order to obtain the escrow funds, Taylor declined
to release them. As the trial court found, "Taylor and Riley entered into subsequent
negotiations in September, 2000; however, such agreement, if any, never was reduced to
writing nor executed by either party." 

 While Taylor conceded he was approved as a driver as required by his agreement
with Riley, he contended that an additional contract condition was approval of the truck
also. But, as Taylor acknowledged, the written contracts never specified that approval or
inspection of the truck was necessary. Taylor testified he signed the bill of sale, note and
security agreement on August 1, 2000, and also made out the escrow check on that day.
The documents were prepared and signed in his attorney's office. Taylor testified that,
after the documents were signed, they were immediately re-negotiated. Taylor also
testified that after the papers were signed on August 1, he and Riley agreed to hold off on
everything, including her receiving the escrow monies, until the company had approved
him and the vehicle was performing under DOT requirements. 

 Riley testified that for the August 1 contract, she reduced the price so that it
reflected the value of the route, with the truck being taken "as is." She also testified that
she was to receive the money from the escrow check when Taylor was approved as a
driver. 

 Here, as the evidence shows and the trial court found, the parties entered into a
binding contract, but continued negotiations to modify the terms of the contract. Public
policy favors freedom of negotiations. Blackstone v. Thalman, 949 S.W.2d 470, 473
(Tex. App.--Houston [14th Dist.] 1997, no pet.). When a binding contract has been made,
it remains in place even though the parties may be attempting to negotiate an alternative
agreement. Id. 

 Both the written documents and Riley's testimony show there was a binding contract
on August 1 and an agreed purchase price. Viewed in a light favorable to the judgment,
we find the evidence is legally sufficient. 

 As to the factual sufficiency of the evidence, Riley's testimony supports the
judgment but Taylor's does not. In such a case, the trial court was entitled to weigh the
credibility of the witnesses and we will not substitute our judgment for that of the fact
finder. Therefore, we cannot say that the trial court's judgment is so against the great
weight and preponderance of the evidence as to be manifestly unjust. We find the evidence
is factually sufficient. Issues one and two are overruled. 

 In issue three, Taylor contends the evidence was legally and factually insufficient
to support the court's presumed damage finding. Taylor argues that Riley's damages are
speculative and conjectural. Here, the trial court based its damage award on the 

August 1 contract documents. Thus, the damage award was not based on speculation or
conjecture. Issue three is overruled.

 Accordingly, we affirm the trial court's judgment in favor of Melissa Riley.


 AFFIRMED.





 DON BURGESS

 Justice


Submitted on October 22, 2002

Opinion Delivered December 5, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. In Conclusion of Law III, the trial court stated that Riley was entitled to a total
judgment against Taylor of $19,163, of which $7,000 was to be paid from Rodney Price's
trust account and $12,163 was to be paid by Taylor. The trial court calculated the total
judgment by concluding that the total sum of the contract was $16,960, which was reduced
to an unpaid balance total of $13,460 as a result of Taylor's paying Riley $1,000 and
Riley's selling the truck for $2,500. Added to the unpaid balance were $1,000
(prejudgment interest), $203 (costs of suit), and $4,500 (attorney's fees) for a total of
$19,163.

 The trial court filed two other conclusions of law. In Number I, the trial court
stated that Riley and Taylor entered into a valid contract on July 7, 2000; this contract was
superseded by a valid contract on August 1, 2000; and any alleged oral agreement entered
into between the parties in September 2000 is unenforceable. In Number II, the trial court
concluded that Taylor failed to abide by and is in breach of the August 1, 2000 contract. 
2. Rule 306c, entitled " Prematurely Filed Documents," provides:


 No motion for new trial or request for findings of fact and conclusions of law shall
be held ineffective because prematurely filed; but every such motion shall be deemed to
have been filed on the date of but subsequent to the time of signing of the judgment the
motion assails, and every such request for findings of fact and conclusions of law shall be
deemed to have been filed on the date of but subsequent to the time of signing of the
judgment.


Tex. R. Civ. P. 306c.