W. A. WAGNER V. EMIL RISKE ET AL.

No. 8203. Decided February 16, 1944.
Rehearing overruled March 15, 1944.
(178 S. W., 2d Series, 117.)

338

*C. C. Carsner,* of Victoria, for petitioner.

The Court of Civil Appeals should have reversed the judgment of the trial court because that court had failed to make any finding of fact upon material issues as requested by appellant. Holloway v. Mitchell Cooton Co., 67 S. W. (2d) 398; McFarland v. Shaw, 45 S. W. (2d) 193; 41 Texas Jur p. 269, sec. 395.

*Crain, Vandenberge & Stofer,* of Victoria, for respondents.

The Court of Civil Appeals properly held that by making the deed from Mr. and Mrs. Riske to Mrs. Riske's father passed the title of the property to her father, and his subsequent deed to her passed the title back to her as her separate property. Goddard v. Reagan, 28 S. W. 352; Hudson v. Norwood, 147 S. W. (2d) 826; Long v. Green, 100 Texas 510, 101 S. W. 786.

MR. JUSTICE CRITZ delivered the opinion of the Court.

As we gather from this record, W. A. Wagner first filed this suit against Emil Riske and wife, Liessette Riske, to recover judgment on a promissory note alleged to have been executed by Emil and Liessette Riske in the principal sum of $800.00, dated December 1, 1921, maturing December 1, 1922, bearing seven per cent. interest per annum, providing for ten per cent. attorney's fees, and payable to plaintiff. During the pendency of the suit Emil Riske died, and plaintiff filed an amended petition against Liessette Riske, and Anita Riske Giese and her husband, Lester E. Giese. For convenience we will hereinafter refer to Lissetee Riske as Mrs. Riske, to Anita Riske Giese as Mrs. Giese, and to Lester E. Giese as Mr. Giese.

By his amended petition, plaintiff alleged the death of Emil Riske. Mrs. Riske is his surviving wife, and Mrs. Giese is his only surviving child and heir at law. Mr. Giese is joined pro forma. Plaintiff's petition alleged that no administration had been had on Emil Riske's estate, and that none was necessary, because plaintiff is its only creditor. Plaintiff's petition then alleged that at the time of his death Emil Riske left a community estate, consisting of 243.8 acres of land in Victoria County, Texas, and personal property. The land is described, but the petition neither describes the personal property nor alleges its value. We are here only concerned with the 243.8 acres of land. Plaintiff contends that he is entitled to foreclose a lien on 43.8 acres of the 243.8 acres of land. It is admitted that 200 acres of the 243.8 acres was the homestead of Mr. and Mrs. Riske, and not subject to execution. There is no contention that plaintiff can subject any part of the 243.8 acres of land to his debt, unless it constituted a part of Emil Riske's estate.

The case was tried in the district court, before the court without the aid of a jury, and judgment was rendered for the defendant. This judgment was affirmed by the Court of Civil Appeals. 175 S. W. (2d) 296. Wagner brings error.

From the statement we have made it is evident that the trial in the district court involved the question as to whether Wagner was entitled to foreclose a lien on 43.8 acres out of the 243.8 acre tract. The trial court found that the 243.8 acre tract was the separate property of Mrs. Riske, and therefore was not subject to Emil Riske's debts, either separate or community. Also, the trial court sustained Mrs. Riske's plea of coverture. Plaintiff raises no issue with reference to the ruling of the trial court as to Mrs. Riske's coverture. Only the issue of title to land is involved.

The record is before us without a statement of facts. The trial court filed findings of fact. These findings show: That as first acquired this 243.8 acres of land was the community property of Mr. and Mrs. Riske; that such land was deeded to Mr. and Mrs. Riske by J. I. Kyle on November 10, 1913, for a total consideration of $14,628.00; that $6,028.00 of this consideration was paid in cash, and vendor's lien notes were given to Kyle for the balance of the consideration, $8,600.00; that on November 5, 1924, Emil Riske conveyed all of his right, title and interest in this land to Mrs. Riske, as her separate property and estate; that the consideration for this conveyance was the assumption by Mrs. Riske of an indebtedness of $4,000.00 against this land; that on the same day she received a deed to this land from Mr. Riske, Mrs. Riske borrowed some money from her father, William Fehler, for the purpose of paying certain indebtedness of Mr. Riske; that on November 15, 1924, Mr. and Mrs. Riske conveyed this tract of 243.8 acres of land to William Fehler; that such deed recited a consideration of $9,000.00 cash paid by Fehler to Mr. and Mrs. Riske and Fehler assuming $2,000.00, the balance due by Mr. and Mrs. Riske on the original purchase money debt for the land conveyed; that on December 3, 1925, William Fehler conveyed the whole of the 243.8 acre tract to his daughter, Mrs. Riske, as her separate property; that on April 24, 1926, the holder of the vendor's lien note for $2,000.00, which was the balance unpaid of the original vendor's lien notes executed to J. I. Kyle, executed a release to Emil Riske of said note; that said note was either paid at that time or had theretofore been paid; that on the same date as the above release, April 24, 1926, Mr. and Mrs. Riske executed a deed of trust covering 43.8 acres of this 243.8 acre tract to Newton M. Crain, as trustee for Alois M. Raab, to secure the said Raab in the payment of two notes in the principal amount of $2,050.00; that Mrs. Riske, with money secured by her from her father, William Fehler, repaid this loan to Alois M. Raab.

■ Clearly, under the above facts as found by the trial court, this 243.8 acres of land became the separate property of Mrs. Riske by virtue of the deed, above described, to her from her father, William Fehler. In this connection, the findings of the trial court show that Mr. and Mrs. Riske deeded this land to William Fehler for a cash consideration of $9,000.00 and the assumption by Fehler of $2,000.00 against the land. This deed constituted this land the property of William Fehler. William Fehler then conveyed this land to Mrs. Riske, as her separate property and estate. This last deed certainly constituted this land Mrs. Riske's separate property or estate. McCutchen v.

Purinton, 84 Texas 603, 19 S. W. 710; 23 Tex. Jur., p. 159, sec. 129; Law of Marital Rights in Texas, Speer, p. 184, sec. 135.

■ It appears that the plaintiff requested the trial court to find: "Therefore, plaintiff requests the trial court to find that the balance of the vendor's lien note amounting to $2,000.00 was paid with money borrowed from Alois Raab on April 24, 1926, and that Alois Raab was paid by Mrs. Riske in 1934 with money borrowed from her father."

The trial court failed to make the finding above indicated, and Wagner excepted thereto, and presented such matter as error in the Court of Civil Appeals. The opinion of the Court of Civil Appeals holds that, in the absence of a statement of facts, that court was unable to determine whether or not the trial court should have made such finding. Wagner contends in this Court that the above ruling of the Court of Civil Appeals constitutes reversible error. Before proceeding further we deem it proper to quote Rules 296, 297, 298, and 299 of Texas Rules of Civil Procedure, as follows:

"Rule 296. Conclusions of Fact and Law.—Upon a trial by the court, the judge shall, at the request of either party, state in writing the conclusions of fact found by him separately from the conclusions of law. Such findings of fact and conclusions of law shall be filed with the clerk and shall be a part of the record.

"Rule 297. Time to File Conclusions.—When demand is made therefor, the judge of a district or county court thirty days before the time for filing transcript in the cause shall prepare his findings of fact and conclusions of law in any case tried before the court. If he shall fail so to prepare them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such period, call the omission to the attention of the judge, whereupon the period for due preparation and filing shall be automatically extended for five days after such notification.

"Rule 298. Additional or Amended Findings.—After the judge so files original findings of fact and conclusions of law either party may, within five days, request of him specified further, additional, or amended findings; and the judge shall, within five days after such request, and not later, prepare and file such

further, other or amended findings and conclusions as may be proper, whereupon they shall be considered as filed in due time.

"Rule 299. Omitted Findings.—Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; but where one or more elements thereof have been found by the trial court, omitted unrequested elements, where supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal."

By the express provisions of Rule 296 it is made the mandatory duty of the trial court, when requested by either party, to file conclusions of fact and law, and "state in writing the conclusions of fact found by him separately from the conclusions of law." Rule 297 relates to time for filing, and what a party must do in order to complain of the failure of the trial court to file conclusions of fact and law on appeal. Rule 298 provides that after the trial judge "files original findings of fact and conclusions of law either party may, within five days, request of him specified further, additional, or amended findings; and the judge shall, within five days after such request, and not later, prepare and file such further, other or amended findings and conclusions as may be proper, * * *." Rule 299, so far as applicable here, provides that a refusal of the trial court to file findings when requested shall be reviewable on appeal. It is evident that one of the main purposes of the above rules is to enable parties to prosecute appeals without the expense of a statement of facts. Under Article 2208, which is in the same language as Rule 296, it was held to be the general rule that the failure of the trial court to file conclusions of law and fact constitute reversible error, where the party complaining complied with statutory requirements in an effort to secure such filing. Callaghan v. Grenet, 66 Texas 239, 18 S. W. 507; Galveston, H. & S. A. Ry. Co. v. Stewart & Threadgill (Com. App.), 257 S. W. 526. In such cases injury is presumed, unless the contrary appears. Galveston, H. & S. A. Ry. Co v. Stewart & Threadgill, supra

■ Since Rule 296 is in the same language as Article 2208, it ought to be given the same construction and held to accord the same rights. When we come to consider Rule 298, we can see no reason why its provisions regarding additional findings

should not be given the same force and effect as Rule 296. It is therefore the mandatory duty of the trial court to file the additional or amended findings provided for in Rule 298, where the complaining party complied with the prescribed procedure in order to obtain them. In this connection, Rule 298 contemplates that the request for further additional or amended findings shall be in writing; that it shall be presented to the court within five days after the original conclusions have been filed; and that it shall specify the further additional or amended findings that the party making the request desires the trial court to make and file. Of course, the party requesting additional findings cannot compel the trial court to find in a particular way, but where particular named findings are requested, the trial court should respond to such request by finding as he may deem the record to justify.

In spite of the above rules, a failure of a trial court to prepare and file findings of fact or conclusions of law under Rule 296, or additional or amended filings of fact or conclusions of law under Rule 298, will not call for a reversal of the trial court's judgment, if the record before the appellate court affirmatively shows that the complaining party has suffered no injury in the premises. San Antonio Water Works Co. v. Maury & Co., 72 Texas 112, 12 S. W. 166.

In our opinion the facts in this record affirmatively show that Wagner suffered no injury by the failure of the trial court to make the finding requested by him. As already shown, Mr. and Mrs. Riske conveyed this land to Mrs. Riske's father, William Fehler. The land, by such conveyance, then became the property of Fehler. Fehler afterwards conveyed it to Mrs. Riske as her separate property. At this time $2,000.00 was still unpaid on the original purchase money debt created when Mr. and Mrs. Riske purchased this land from Kyle. If Mr. and Mrs. Riske borrowed money on a part of this land from Raab to pay this debt, and then Mrs. Riske paid Raab with money loaned to her by her father, William Fehler, the ultimate result of the whole transaction fails to show that any community funds went into this land after it was conveyed to Mrs. Riske by her father, William Fehler. In this connection, there is no showing that the William Fehler loan to Mrs. Riske bound Mr. Riske, or that it has ever been paid. Finally, we do not pass on the question as to what would have been the result if community funds had been paid on the debt against this land after it was deeded to Mrs. Riske by her father, William Fehler. We have no such case before us.

The judgments of the Court of Civil Appeals and district court are both affirmed.

Opinion delivered February 16, 1944.

Rehearing overruled March 15, 1944.