Virginia RICHIE, Appellant,

v.

The STATE of Texas, Appellee.

No. 12806.

Court of Civil Appeals of Texas.

Galveston.

Feb. 10, 1955.

J. Marvin Montgomery, Houston, for appellant.

No appearance for appellee.

HAMBLEN, Chief Justice.

This is an appeal from a judgment of the Juvenile Court of Harris County, declaring the children of appellant, Virginia Richie, the natural mother of such children, to be dependent and neglected. We note with some astonishment that the Probation Department of Harris County, which in the name of the State of Texas, instituted this litigation in the trial court, has not favored us with either a written brief or an appearance, but has permitted this attack upon its own official action, and that of the trial court resulting therefrom, to go completely unchallenged.

Appellant presents seven points of error, number one of which is directed to the failure of the trial court to file Findings of Fact and Conclusions of Law in response to appellant's timely request therefor. Upon the record before us, we consider this point to be well taken, and because of the error thus pointed out, conclude that the judgment of the trial court should be reversed, and the cause remanded for a new trial.

Rule 296, T.R.C.P., provides: "Upon a trial by the court, the judge shall, at the request of either party, state in writing the conclusions of fact found by him separately from the conclusions of law. Such findings of fact and conclusions of law shall be filed with the clerk and shall be a part of the record." Rule 296, T.R.C.P., is identical with former Article 2208, Revised Civil Statutes of Texas. Under that Article it has been repeatedly held that the trial court's failure, to file, when requested by either party, conclusions of fact and law, constitutes reversible error, and injury to complaining party is presumed unless the contrary appears. Callaghan v. Grenet's Estate, 66 Tex. 236, 18 S.W. 507; Galveston, H. & S. A. Ry. Co. v. Stewart & Threadgill, Tex.Com.App., 257 S.W. 526.

724

Rule 296, T.R.C.P., since its enactment as a Rule, as distinguished from a statute, has not been directly passed upon by the Supreme Court of this State. However, the following language from the opinion of the Supreme Court in Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117, 119, clearly indicates that its metamorphosis from statute to rule has not changed the result of non-compliance with its provisions: "Under Article 2208, which is in the same language as Rule 296, it was held to be the general rule that the failure of the trial court to file conclusions of law and fact constituted reversible error, where the party complaining complied with statutory requirements in an effort to secure such filing. * *. * In such cases injury is presumed, unless the contrary appears. * * * Since Rule 296 is in the same language as Article 2208, it ought to be given the same construction and held to accord the same rights."

 In the last cited case, the Supreme Court was discussing a point of error directed to the failure of the trial court to file additional findings and conclusions as provided for in Rule 298. The point was overruled because the record was held to affirmatively show that the appellant had suffered no injury as a result of the failure, in that had the additional requested findings been made, the same judgment would follow as a matter of law. In the present case the evidence is conflicting in regard to those facts which we deem essential to support the judgment appealed from, consequently, under the authorities, injury to the appellant must be presumed to result from the trial court's failure to file the requested findings.

In McDonald, Texas Civil Practice, page 1295, Sec. 16.08, it is suggested that rather than reverse and remand because of failure to comply with Rule 296, an appellate court should avail itself of the provisions of Rule 434, T.R.C.P., and direct the trial court to correct the error by filing findings of fact and conclusions of law. The operative effect of Rule 434 has not been passed upon with respect to the par-

ticular failure of the trial court with which we are here concerned. In its discussion of Rule 296 in Wagner v. Riske, supra, it is noted that the Supreme Court did not allude to the procedure provided for in Rule 434. In the present record, the statement of facts is in narrative rather than the more usual question and answer form. More than six months has elapsed since the trial of the case. The only litigant who has appeared in this Court has urged a remand of the case, and such action is supported by the authorities. For these reasons, we conclude that justice will best be served by a remand of the case for retrial.

Appellant's remaining points are directed to the asserted lack of evidence to support the judgment of the trial court. We have already stated that the evidence is conflicting with reference to those facts which we consider essential to support such judgment. The same considerations which give merit to appellant's point number one, compel us to overrule her remaining points.

Reversed and remanded.