Lawrence G. FRASER, Appellant,

v.

Billy B. GOLDBERG, Appellee.

No. 7944.

Court of Civil Appeals of Texas, Beaumont.

May 26, 1977.

Rehearing Denied June 23, 1977.

Stephen W. Hanks, Houston, for appellant.

Charles N. Goldberg, Houston, for appellee.

STEPHENSON, Justice.

Plaintiff, Lawrence Fraser, sued defendant, Billy Goldberg, for damages for breach of contract to purchase certain stock. Trial was before the court, and judgment was for defendant. Plaintiff's single point of error is that the trial court erred in failing to file findings of fact and conclusions of law.

The record before us shows plaintiff did everything required of him under Tex.R. Civ.P. 296 and 297. Therefore, was it reversible error in this case for the trial judge to fail to comply with those rules? The leading case on this question is *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117, 120 (1944). After holding these rules (296 and 297) to be mandatory, this statement is made:

> "In spite of the above rules, a failure of a trial court to prepare and file findings of fact or conclusions of law under Rule 296, or additional or amended findings of fact or conclusions of law under Rule 298, will not call for a reversal of the trial court's judgment, if the record before the appellate court affirmatively shows that the complaining party has suffered no injury in the premises. *San Antonio Water Works Co. v. Maury & Co.*, 72 Tex. 112, 12 S.W. 166."

A careful reading of all of the cases listed in *Shepard's Texas Citations: Cases* (1974) after *Wagner v. Riske, supra,* demonstrates that no court has given any indication as to how an appellate court should determine whether or not a complaining party has or has not suffered injury. We proceed in an attempt to write specifically on this subject.

We begin with the proposition that it is not reversible error as a matter of law for the trial court to completely fail to file findings of fact or conclusions of law. Apparently no court in this state has gone that far. Most of the cases listed involve the situation in which the trial judge filed the findings and conclusions, but was late. None of those cases found the error to be reversible.

An early Supreme Court decision in *Barfield v. Emery*, 107 Tex. 306, 177 S.W. 952 (1915), shows the trial court filed findings, but no conclusions. Without stating how it reached the conclusion, the Court stated that it did not appear that the omission of the trial judge to duly file his conclusions prevented a proper presentation of the questions involved in the appeal, or that it could have operated to the prejudice of the appellant in the Court of Civil Appeals.

In a well written opinion by Justice Keith in *Beneficial Finance Co. of Austin v. Williams*, 539 S.W.2d 90 (Tex.Civ.App.—Beaumont 1976, writ dism'd), after conceding that the appellant had complied with all the provisions of the Rule and no findings or conclusions were filed, it was noted that we had a complete statement of facts and exhibits and concluded that the record affirmatively showed the appellant had suffered no injury in the premises.

In *Diaz v. Trevino*, 430 S.W.2d 742 (Tex.Civ.App.—Waco 1968, no writ), the Waco Court of Civil Appeals first discussed the evidence, and through some unexplained reasoning found the appellant had suffered no injury as a result of the trial court's failure to file findings and conclusions.

We have come to the conclusion that Tex.R.Civ.P. 434 gives this court more precise information as to how to make a determination of the problem before us, than any of the cases we have studied. It is best covered by that part of the rule that states that no judgment shall be reversed on appeal, and a new trail ordered in any cause, on the ground that the trial court had committed an error of law which was such as probably prevented the appellant from making a

proper presentation of the case to the appellate court.

■ An analysis of what transpired in the trial court is as follows: Plaintiff sued on a written contract under the terms of which he agreed to sell and defendant agreed to buy certain bank stock. The only defense raised by defendant's pleading is that there was no consideration for such contract. After hearing the evidence, the trial court rendered judgment that plaintiff take nothing. In his amended motion for new trial the plaintiff stated that defendant failed to sustain his burden of proof on the issue of consideration, "the only defense raised by Defendant". A reading of the less than sixty-three pages of statement of facts bears out that statement in the motion for new trial that the only issue raised was the lack of consideration. In fact, in plaintiff's brief, the statement is again made: "The only defense interposed by Defendant in pleading or at trial was lack of consideration."

Undoubtedly, there are situations in which findings and conclusions are necessary in order for the appellant to present his case. In factually complicated situations in which there are two or more possible grounds for recovery or defense, an undue burden would be placed upon an appellant. Having to try to guess the reason or reasons the trial judge ruled against him should not be required. However, in the case before us, only one defense was plead, and no other defense was raised by the evidence. Further, the appellant recognized the fact that there was only one issue by making that statement in his amended motion for new trial. There was little or no dispute as to the factual situation. We are of the opinion that the record before us shows affirmatively that appellant suffered no injury by reason of the trial court's failure to make findings and conclusions. Appellant based his attack on the judgment below, partly on the ground that there was consideration, the only implied finding that defendant could rely upon as being raised by the pleadings and evidence. Under the factual situation before us, we find the plaintiff was not prevented from making a proper presentation of the only issues in this case before this appellate court.

In any event, we would not reverse and remand this case for a new trial, requiring the parties to start all over with the evidence in order for plaintiff to see if he could get a favorable ruling upon a trial before a different judge. If the Supreme Court should decide plaintiff had been prevented from making a proper presentation in the appellate court, then as provided by the third paragraph of Tex.R.Civ.P. 503, the trial judge should be directed to make findings and conclusions.

■ Even though plaintiff states in his brief that he has only one point of error (the one discussed above), in his argument under that point he discusses the evidence as to the matter of "consideration". The statement is then made that the judgment of the trial court is contrary to the undisputed evidence and asked that the judgment be reversed and rendered for plaintiff. Under the rule of *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 (1943), recently reaffirmed in *Airway Ins. Co. v. Hank's Flite Center, Inc.*, 534 S.W.2d 878 (Tex.1976), we proceed to consider that point.

Inasmuch as this is a "no-evidence" point, we consider only the favorable evidence supporting the implied finding by the court that there was no consideration for the alleged contract. The evidence in this case reveals a somewhat complicated financial transaction. Plaintiff was President of the Beltway Bank and made an agreement with a group desiring to purchase the controlling stock in that bank that he would remain as president and join with the control group in such purchase. Defendant was one of the owners of the stock who sold to the new group. The letter contract sued upon in this case was addressed to plaintiff and reads as follows:

"February 27, 1974

"Dear Larry:
In connection with the proposed sale of stock in Beltway Bank to a group represented by you as Trustee, we agree to the following:

At the time of this transaction, we will purchase from you, up to 2,000 shares of Mercantile Bank of Houston bank stock at a price of $17.00 per share and further, in connection with the above sale, make an agreement with you that we will purchase from you if you request from us, up to 2,000 shares of Guaranty National Bank stock at a price of $25.00 per share. Said purchase to be made during the first fifteen (15) days of April, 1975, with you agreeing to give us at least ten (10) days notice that you desire us to purchase same.

Yours very truly,

/S/ Robert W. Baker
    Robert W. Baker

/S/ Billy B. Goldberg
    Billy B. Goldberg"

Such letter was signed by Robert W. Baker and defendant. Defendant testified: that he was not present during any of the negotiations between plaintiff and Baker, but was told by Baker that plaintiff wanted defendant and Baker to buy his stock in Mercantile Bank and Guaranty Bank. As an act of friendship he signed the letter. Defendant got the same price for his stock as every other shareholder including the stock that plaintiff sold to the group. Defendant understood that plaintiff was not a part of the buying group but that plaintiff was selling the stock owned by him to the group also. He was never told that plaintiff's stock in the other two banks had to be bought or the deal would not go through. He was never paid anything to sign the letter or to agree to buy anything from plaintiff.

Accepting defendant's testimony as to how this transaction developed, as we are required to do under this no-evidence point, that there was no connection between the Beltway Bank stock sale and the letter agreement sued upon, the evidence still establishes a contract between these parties as a matter of law. The letter set forth above constitutes an offer by defendant to purchase the stock in question. Plaintiff accepted the offer by proffering his stock within the prescribed time period and by making a draft for the agreed purchase price on defendant's bank account. It was at the time of this acceptance that a binding contract was made between these parties. There is no evidence that the offer to buy the stock was withdrawn before it was accepted. It is not necessary for this court to determine whether or not there was consideration for the letter agreement, and we do not pass upon that question.

One of the most fundamental rules of the law of contracts is that every contract must be supported by consideration. It is also just as fundamental that the exchange of promises constitutes sufficient consideration. *Cobb v. Beall*, 1 Tex. 342 (1903); *Clement v. Producers' Refining Co.*, 277 S.W. 634 (Tex.Comm.App.1925); *Border Rubber Co. v. Turney*, 291 S.W. 959 (Tex. Civ.App.—El Paso 1927, no writ); *Cottingham v. Harrison*, 89 S.W.2d 255 (Tex.Civ. App.—Eastland 1935, writ dism'd); *Liberty Mutual Insurance Company v. Martinez*, 407 S.W.2d 272 (Tex.Civ.App.—El Paso 1966, no writ). See also, *Hutchings v. Slemons*, 141 Tex. 448, 174 S.W.2d 487 (1943), and *Sunshine v. Manos*, 496 S.W.2d 195, 198 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.).

The judgment of the trial court is reversed, and we render the judgment which the trial court should have rendered that plaintiff recover of and from defendant the amount of damages established, $7,000 plus interest at the rate of 9 percent per annum from the date the judgment was entered in the trial court.

REVERSED and RENDERED.