**Doyle C. FINE**

v.

**Peggy Jean SCOTT et al.**

**No. 5235.**

Court of Civil Appeals of Texas, Eastland.

Dec. 6, 1979.

Rehearing Denied Jan. 10, 1980.

Doyle C. Fine, pro se.

John E. Gleaton, Comanche, Ben D. Sudderth, Keith Woodley, Sudderth, Woodley & Dudley, Comanche, for appellees.

DICKENSON, Justice.

The controlling question in this suit to remove a cloud upon the title to real estate is whether a verified denial was filed in time to permit proof that two questioned instruments were forged. We hold that the trial court properly allowed a trial amendment denying the execution of those instruments. The proof of forgery was, therefore, properly received in evidence.

Following a nonjury trial, Peggy Jean Scott and Charlene D. Miller, plaintiffs, recovered judgment removing any cloud upon their title to a house and a lot in De Leon, Texas. The other claims for affirmative relief, including the counterclaims asserted by defendant, Doyle C. Fine, were denied. Defendant appeals. We affirm.

The plaintiffs are sisters, and the defendant is their cousin. This appeal deals primarily with the house and lot which were deeded by the litigants' grandmother to defendant's mother, Mary Etta Fine, and then sold by Mrs. Fine to plaintiffs' father, S. T. Counts, in 1945. That deed was recorded, and it is the source of plaintiffs' title. Defendant claims that two unrecorded instruments were executed by S. T. Counts on November 5, 1945. He pleaded those instruments as the source of his title. The trial court found that the unrecorded instruments were forgeries.

This lawsuit was filed on October 29, 1976. The trial began on January 12, 1978. At that time plaintiffs had not filed the verified denial which is required by Tex.R. Civ.P. 93(h) for them to dispute the questioned instruments. At plaintiffs' request during the trial, the judge ordered defendant to produce the two questioned documents for inspection and examination. The defendant produced the questioned instruments on January 13, and the trial court then granted plaintiffs' "Motion for Continuance and Trial Amendment."

The trial resumed on April 27, and James LeRoy Lewis, a recognized expert in the field of questioned documents, testified that the two questioned instruments were forgeries. Plaintiffs' trial amendment, containing the verified denials which are required by Tex.R.Civ.P. 93(h), was filed on May 3, and final judgment was rendered on May 30, 1978. The record was filed after writs of mandamus to the District Clerk and Official Court Reporter. See *Fine v. Page*, 572 S.W.2d 577 (Tex.Civ.App.—Eastland 1978, writ dismissed).

The trial court made findings of fact which include the following: (1) In September of 1976, Doyle C. Fine caused to be recorded in the Deed Records of Comanche County, Texas, a trustee's deed and a correction deed from Doyle C. Fine, Trustee to Doyle C. Fine, Administrator of the Estate of Mary Etta Counts Fine; (2) The warranty deed dated November 5, 1945, from S. T. Counts to Doyle C. Fine is a forgery; (3) The Contract and Agreement of Conveyance of that same date allegedly signed by S. T. Counts, Doyle C. Fine, Trustee, Mary Etta Fine and Carl Fine is a forgery; (4) S. T. Counts died on April 5, 1977, and left as his sole heirs Peggy Jean Scott and Charlene D. Miller; (5) S. T. Counts owned fee simple title to the property involved in this lawsuit; (6) Peggy Jean Scott and Charlene D. Miller made a timely request for a trial amendment to file a verified plea of non est factum after they were afforded an opportunity to inspect and examine the disputed instruments; (7) Permitting the trial amendment of non est factum was within the discretion of the trial court; and (8) Peggy Jean Scott and Charlene D. Miller can recover on the strength of their title, having established their title to the real estate in controversy.

Defendant argues that the trial court erred in not rendering judgment for him because there were no sworn pleadings denying the execution of the questioned instruments. We disagree. Plaintiffs filed a trial amendment which denied under oath that the signatures of S. T. Counts on the disputed instruments were authentic and which stated under oath that those signatures were forged. Rule 93(h), supra, ex-

pressly provides that where a disputed written instrument is charged to have been executed by a person who is deceased, "the affidavit shall be sufficient if it state[s] that the affiant has reason to believe and does believe that such instrument was not executed by the decedent or by his authority."

Tex.R.Civ.P. 66 provides:

If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, or if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. The court may grant a postponement to enable the objecting party to meet such evidence.

■■■■ We hold that even though the trial amendment was reduced to writing, verified and filed after the evidence of forgery was received, the trial court was authorized by Rule 66 to allow the trial amendment in order to permit the presentation of the merits of the action. A trial amendment to remedy a defect in the pleadings relates back to the filing of the pleading which it corrects. *Insurors Indemnity & Ins. Co. v. Brown,* 172 S.W.2d 174, 176 (Tex.Civ.App.—Beaumont 1943, writ ref'd). See also Tex.R.Civ.P. 1 which mandates a construction of the rules "to obtain a just, fair, equitable and impartial adjudication."

■■■ Defendant also contends that plaintiffs did not have legal capacity to maintain their lawsuit. We disagree. Legal title was in S. T. Counts from a common source through which defendant claimed. S. T. Counts died while the suit was pending. The two plaintiffs were his only heirs, and they qualified as co-administrators of his estate.

■■■ Defendant originally contended that the trial court erred in refusing to file findings of fact and conclusions of law. It is error for a trial judge to refuse to make findings of fact and conclusions of law when properly requested under Tex.R. Civ.P. 296–297. *Wagner v. Riske,* 142 Tex. 337, 178 S.W.2d 117 (1944). This contention was sustained on September 20, 1979, and the trial court was directed to file its original findings of fact and conclusions of law no later than October 22, 1979. We granted leave for defendant to request further, additional, or amended findings and to file a supplemental brief. The trial court has now made its findings of fact and conclusions of law. Tex.R.Civ.P. 434 specifically provides that if the refusal of the trial judge to act shall prevent the proper presentation of a cause:

(T)he judgment shall not be reversed for such error, but the appellate court shall direct the said judge to correct the error, and thereafter the Court of Civil Appeals shall proceed as if such erroneous action or failure to act had not occurred.

See also *Texas Eastern Transmission Corporation v. Sealy Independent School District,* 572 S.W.2d 49 (Tex.Civ.App.—Houston (1st Dist.) 1978, no writ); *Layton v. Layton,* 538 S.W.2d 642 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.); *McShan v. Pitts,* 538 S.W.2d 266 (Tex.Civ.App.—San Antonio 1976, no writ); 4 McDonald, Texas Civil Practice § 16.08.1 (Rev.1971).

All points of error have been considered and overruled. The judgment of the trial court is affirmed.