Bonnie M. WHITE, Appellant,

v.

A.J. POPE, Appellee.

No. 13–82–109–CV.

Court of Appeals of Texas,
Corpus Christi.

June 23, 1983.

Scott T. Cook, Harris, Cook & Browning, Corpus Christi, for appellant.

B. Mills Latham, A.J. Pope, Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order of the County Court at Law 3 of Nueces County, sitting in Probate. Appellant, Bonnie M. White, is the administratrix of the estate of Jody Martin Parr, deceased. Appellee, at-torney A.J. Pope, is a former legal counsel to the appellant as administratrix. The administration of this estate has been long and complicated. Three different trial judges have been involved.

In the course of, and as a result of, his service to the appellant administratrix, the appellee attorney filed claims against the estate totaling $90,000.00. All of these claims were allowed by the appellant in her capacity as administratrix and were eventually approved by the probate court. The orders approving such claims were entered in 1974, 1976 and 1978 are all final and unappealed. In fact, the appellant administratrix has not challenged the validity of the appellee's claims. However, the appellant has apparently paid only a fraction of the total amount claimed by appellee, failing and refusing to pay the remainder.

In an effort to force payment, appellee made applications with the probate court for the sale of certain personal and real property alleged to be owned by the estate. See TEX.PROB.CODE ANN. §§ 334, 338 (Vernon 1980). In the first application, appellee petitioned the court to order the sale of an unspecified number of shares of stock in Teledyne Corporation. Appellee's second application was for the sale of four parcels of residential real estate located in the City of Corpus Christi. The appellant opposed the applications for reasons that included the following: 1) the administration was incomplete in that there were lacking final determinations as to the total amount of approved claims and proper classification of the same, and of the total funds available in the estate to pay such claims; and 2) the real property named in the appellee's application was not the property of the estate, but belonged to the appellant individually.

After hearing arguments from the parties and apparently taking judicial notice of the contents of its files in the matter, the trial court entered its order commanding the appellant to liquidate immediately all shares of Teledyne Corporation held in the estate of Jody Martin Parr and to use the proceeds to satisfy, to the extent possible, the claims against the estate of appellee

and another attorney, Mike Westergren. The trial court further ordered the appellant to convey into the estate of Jody Martin Parr the four parcels of real estate described in the order and in appellee's application.

At the outset, we must first determine whether this is an appealable order of the probate court. All "final orders" of the probate court are appealable to the Court of Appeals. TEX.PROB.CODE ANN. § 5(e) (Vernon 1980). A probate order is final if it finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceedings was brought. *Fischer v. Williams,* 160 Tex. 342, 331 S.W.2d 210 (1960); *Rodeheaver v. Alridge,* 601 S.W.2d 51, 54 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Parr v. White,* 543 S.W.2d 445, 449 (Tex.Civ. App.—Corpus Christi 1976, writ ref'd n.r. e.); *Cherry v. Reed,* 512 S.W.2d 705, 706 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). In other words, "an order is appealable if it finally adjudicates some *substantial right,* whereas if it merely leads to further hearings on the issue, it is interlocutory." *Parr v. White, supra,* at 449; *Meek v. Hart,* 611 S.W.2d 162, 163 (Tex.Civ. App.—El Paso 1981, no writ). An order may be final and appealable even though the decision does not fully and finally dispose of the entire probate proceeding. *Kelly v. Barnhill,* 144 Tex. 14, 188 S.W.2d 385, 386 (1945); *Mossler v. Johnson,* 565 S.W.2d 952, 954 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.); *Cherry v. Reed, supra.*

In the case before us, the trial court's order purports to divest the administratrix of her title to real property. In addition, it commands her to liquidate an asset of the estate and pay the proceeds to the appellee. As far as these commands are concerned, the order is conclusive and it adjudicates substantial rights. No further hearing on these matters is called for. Therefore, we conclude that the trial court's order was final and therefore appealable.

Turning to the merits of this appeal, appellant's first complaint is of the trial court's failure to file findings of fact and conclusions of law. The record discloses that the trial court did fail to file requested findings of fact and conclusions of law, despite the timely request and remainder as required by TEX.R.CIV.P. 296 and 297. Having just determined that the trial court's order is final and appealable, we must next determine whether the failure of the trial court to comply with appellant's timely request for fact-findings and conclusions of law is error that would cause a reversal of this case. *Wagner v. Riske,* 142 Tex. 337, 178 S.W.2d 117 (1944); *Fine v. Scott,* 592 S.W.2d 56 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.). This is the type of error that may be corrected by the trial court by specific remand and instructions. It should not be made the sole basis for a reversal. TEX.R.CIV.P. 434; *Labar v. Cox,* 635 S.W.2d 801, 803 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.); *McShan v. Pitts,* 538 S.W.2d 266 (Tex.Civ.App.—San Antonio 1976, no writ). Our review of the record leads us to conclude that a remand solely for the purpose of compelling the trial court to file findings of fact and conclusions of law would serve no useful purpose in this appeal, as we shall presently see.

Appellant's main complaint is that the trial court's order appealed from divests her of real property without a proper determination of title. We are forced to agree with this contention. There was no testimony taken at the hearing in the court below, and there were no exhibits introduced. The only basis for equitable ownership of the property in question in the estate is contained in the transcript before this Court which shows an inventory filed by the appellant and approved by the probate court which lists the real property in question as an asset of the estate. It is true that the trial court could take judicial notice of this item in its file. However, although the inclusion in or exclusion from an inventory of certain property may be prima facie evidence of ownership of such property, it is not conclusive proof on that

issue. TEX.PROB.CODE ANN. § 261 (Vernon 1980); *Krueger v. Williams,* 163 Tex. 545, 359 S.W.2d 48 (1962). An order of the probate court approving an inventory is not an adjudication of title. *McKinley v. McKinley,* 496 S.W.2d 540 (Tex.1973).

The record further shows that the appellant filed an amended inventory which excluded the real estate in question. There is nothing in the record to indicate that a hearing was held on the amended inventory or whether the trial court approved or disapproved of this second inventory. Besides, the appellee has admitted that record title to the four parcels in question is in the appellant.

■ We are not persuaded by the appellant's arguments that she should not have to pay the appellee's claims until the amount of assets and future costs of administration have been determined. The sections of the Probate Code declaring the classification and order of payment of claims, and mandating pro rata payment when there is a deficiency of assets to pay all claims do not require that a claimant wait for payment until the administrator is ready to make a final accounting and terminate the administration. See TEX.PROB. CODE ANN. §§ 320, 321, 322 (Vernon 1980 and Vernon Supp.1982).

■ We agree with the statement in the *Corpus Juris Secundum* that, generally, "it is the duty of the personal representative to pay claims against an estate as speedily as possible, consistent with the rights and interests of all the parties interested." 34 C.J.S. *Executors and Administrators* § 466 at 339 (1942). TEX.PROB.CODE ANN. § 326 expressly authorizes the probate court to order the sale of property of the estate to satisfy a claim "if there are no available funds and if to await funds from other sources would unreasonably delay payment."

■ We are sympathetic to appellant's argument that the trial court should have received evidence from which it could determine that the sale of the particular items of property in question would be "in the best interest of the estate" and/or "necessary or advisable." TEX.PROB.CODE ANN. §§ 334, 341 (Vernon 1980). The records of which the trial court could take judicial notice did nothing more than provide evidence of the existence and validity of the claim and of the existence of the property whose sale was requested.

We, therefore, reverse the order of the trial court and remand the cause for a new hearing on the appellee's applications. The approved claims should be satisfied out of the assets of the estate and done so with dispatch. In the context thereof, it is suggested the trial court determine the ownership of the real property here in question as soon as possible if the other assets of the estate are insufficient to satisfy all approved claims. TEX.PROB.CODE ANN. § 5(d) (Vernon 1980); *Lucik v. Taylor,* 596 S.W.2d 514, 516 (Tex.1980); M. WOODWARD AND E. SMITH 17 TEXAS PRACTICE § 9 (West Supp.1981).

We take this opportunity to note that the administration of this estate is approaching ten years in age. The claims here being litigated have been pending unpaid for almost that entire period. We are concerned about the possibility of abuse of the probate process. We strongly urge the trial court to set this matter for hearings at the earliest possible date and expeditiously resolve all of the issues presented herein. If it has not already done so, the trial court should act to approve or disapprove the amended inventory, and all lists of claims allowed by the administratrix to the end that the estate can be finalized.

Reversed and Remanded.