**Philmore J. JOSEPH, Appellant,**

v.

**Jean J. JOSEPH, Appellee.**

**No. A14–86–292–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 16, 1987.

Rehearing Denied May 21, 1987.

Richard A. Tindall, Houston, for appellant.

W. Timothy Weaver, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from the division of community property in a decree of divorce. In his first point of error, appellant complains of the trial court's failure to file findings of fact and conclusions of law. Appellant made a timely request for findings of fact and conclusions of law. TEX. R.CIV.P. 296. When the trial judge failed to file them, appellant timely called the omission to the attention of the judge. TEX.R.CIV.P. 297. We reverse.

If a trial court fails to prepare and file findings of fact and conclusions of law after proper requests, harm is presumed. *Carr v. Hubbard*, 664 S.W.2d 151, 153 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). The presumption of harm may be overcome, however, if the record affirmatively shows the complaining party suffered no injury. *Barfield v. Emery*, 107 Tex. 306, 177 S.W. 952, 953 (1915); *See San Antonio Water-Works Co. v. Maury & Co.*, 72 Tex. 112, 12 S.W. 166 (1888).

The method for determining whether an appellant is injured was addressed in *Fraser v. Goldberg*, 552 S.W.2d 592 (Tex.Civ. App.—Beaumont 1977, writ ref'd n.r.e.). There the court stated: "In factually complicated situations in which there are two or more possible grounds for recovery or defense, an undue burden would be placed upon an appellant. Having to try to guess the reason or reasons the trial judge ruled against him should not be required." *Id.* at 594.

In applying the *Fraser* test, this court looked to whether there were disputed facts to be resolved. *Pettitt v. Pettitt*, 704 S.W.2d 921, 925 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *See Galveston, Harrisburg & San Antonio Railway v. Stewart & Threadgill*, 257 S.W. 526, 530 (Tex.Comm'n App.1924, jdgmt adopted).

In this cause, the value of three properties was disputed depending on the appraisal method used. The record discloses one piece of property could be valued as $246,000 value-in-place or $40,000 fair market value.

Appellant, in his other points of error, must guess at the valuation methods used when he attacks the division of property as an abuse of discretion and must presume a valuation when he attacks the valuation method as improper. Clearly, he has suffered harm in the presentation of his appeal.

For many years, the law in Texas was clear. The facts of this case would

certainly have mandated a reversal. *See, e.g., Wandry v. Williams,* 103 Tex. 91, 124 S.W. 85 (1910). Recently, however, intermediate courts have relaxed the rules concerning the filing of findings of fact and conclusions of law, choosing to abate cases rather than to reverse them. *Wallen v. State,* 667 S.W.2d 621, 624 (Tex.App.—Austin 1984, no writ); *Carr v. Hubbard,* 664 S.W.2d 151, 153–54 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *White v. Pope,* 664 S.W.2d 105, 107 (Tex.App.—Corpus Christi 1983, no writ) (rev'd on other grounds); *Rose v. Rose,* 598 S.W.2d 889, 892 (Tex.Civ.App.—Dallas 1980, writ dism'd); *Fine v. Scott,* 592 S.W.2d 56, 58 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.); *Layton v. Layton,* 538 S.W.2d 642, 643 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.).

The notion of abatement rather than reversal appears to have arisen after the statute concerning findings of facts and conclusions of law (article 2208) changed to a rule (Tex.R.Civ.P. 296) in 1939. Although the rule has never been directly passed upon by the Supreme Court since that time, the court in *Wagner v. Riske* clearly indicated its metamorphosis from statute to rule did not change the result of noncompliance. Reversal was still mandated. 142 Tex. 337, 178 S.W.2d 117, 119 (1944).[1]

In 1955, the argument for abatement rather than reversal was considered and rejected by the Galveston Court of Civil Appeals. *Richie v. State,* 275 S.W.2d 723, 724 (Tex.Civ.App.—Galveston 1955, no writ). In its opinion, the court noted that McDonald, in his *Texas Civil Practice in District and County Courts,* urged abatement rather than reversal relying on TEX. R.CIV.P. 434 (now TEX.R.APP.P. 81.) *Id.*

A year later, the Fort Worth appellate court also noted McDonald's suggestion. *McClendon v. McClendon,* 289 S.W.2d 640, 645 (Tex.Civ.App.—Fort Worth 1956, no writ).

Indeed, McDonald's argument for abatement, based on Rule 434,[2] may have been the catalyst for the change from reversal to abatement. In recent years, courts ordering or approving abatements have frequently relied on that rule. *Wallen v. State,* 667 S.W.2d 621, 624 (Tex.App.—Austin 1984, no writ); *Carr v. Hubbard,* 664 S.W.2d 151, 153 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *White v. Pope,* 664 S.W.2d 105, 107 (Tex.App.—Corpus Christi 1983, no writ) (reversed for other reasons); *Labar v. Cox,* 635 S.W.2d 801, 803 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.); *Anderson v. Smith,* 635 S.W.2d 204, 206 (Tex.App.—Houston [1st Dist.] 1982, no writ); *Fine v. Scott,* 592 S.W.2d 56, 58 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.); *Layton v. Layton,* 538 S.W.2d 642, 643 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.).

While McDonald's argument is facially persuasive, it is based on a false premise. Discussing *Wagner v. Riske,* McDonald disagreed with the court's argument that when a statute is adopted as a rule it carries its former interpretations. That doctrine, McDonald urged, cannot correctly be applied without consideration of pertinent changes made elsewhere in the rules. "At the time the interpretive opinions were announced," McDonald argues, "there was no provision such as now is found in Rule 434." 4 R. McDonald, *Texas Civil Practice in District and County Courts* § 16.08.1 (rev. 1984). Most of the interpretive opin-

---

1. In a 1974 per curiam opinion, the Supreme Court alluded to Rules 296–299. Refusing writ the Court stated: "Our action is not to be interpreted as approving that portion of the opinion of the Court of Civil Appeals relating to Rules 296–299 or their application as a basis for the reversal and remand." *Manning v. King,* 514 S.W.2d 899 (Tex.1974). The court noted, however, neither party had complained of the trial court's action with respect to the findings of fact and conclusions of law. The point was not before the appellate court.

2. The relevant section of Rule 434 to which McDonald referred is as follows:

   If the erroneous action or failure or refusal of the trial judge to act shall prevent the proper presentation of a cause to the Court of Appeals, and be such as may be corrected by the judge of the trial court, then the judgment shall not be reversed for such error, but the appellate court shall direct the said judge to correct the error, and thereafter the Court of Appeals shall proceed as if such erroneous ... failure to act had not occurred.

ions which McDonald cites were decided in the decades from 1920–1940.

Rule 434, however, has been a part of Texas law since 1912. It was promulgated as Rule 62a of the Court of Civil Appeals October 30, 1912, and became effective November 15, 1912. *See Golden v. Odiorne,* 112 Tex. 544, 249 S.W. 822, 823 (1923). McDonald's conclusion collapses without his underlying proposition that Rule 434 was a new ingredient in the law.

Because no relevant rules have changed since the interpretative opinions on the effect of the failing to file findings of fact and conclusions of law and because the Supreme Court has not opted to announce a new interpretation, we choose not to deviate from the long-established procedure of reversing and remanding the case for new trial.

Some may argue reversal is but another cause of judicial delay. We are constantly cognizant of and concerned with the problem.

> Delay haunts the administration of justice. It postpones the rectification of wrong and the vindication of the unjustly accused. It crowds the dockets of the courts, increasing the costs for all litigants, pressuring judges to take short cuts, interfering with the prompt and deliberate disposition of those causes in which all parties are diligent and prepared for trial, and overhanging the entire process with the pall of disorganization and insolubility. But even these are not the worst of what delay does. The most erratic gear in the justice machinery is at the place of fact finding, and possibilities for error multiply rapidly as time elapses between the original fact and its judicial determination. If the facts are not fully and accurately determined, then the wisest judge cannot distinguish between merit and demerit. If we do not get the facts right, there is little chance for the judgment to be right.

*Southern Pacific Transportation Co. v. Stoot,* 530 S.W.2d 930, 931 (Tex.1975).

No doubt the specter of delay played a role in our sister court's decisions to abate rather than reverse. Whether an appeal is reversed or abated, however, delay results. The delay is not occasioned by our adherence to established law. The fault lies squarely with trial courts who fail to follow a familiar and venerable rule.

Reversed and remanded.