Flora A. BARNES, et al., Appellants,

v.

John J. COFFMAN, et al., Appellees.

No. A14-87-00667-CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 7, 1988.

Rehearing Denied Aug. 4, 1988.

Patrick A. Myers, Houston, for appellants.

Steven A. Hollis, Dallas, William F. Carter, Madisonville, John E. Scroggins, Caldwell, Rita H. Darden, Madisonville, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from a take nothing judgment entered against the plaintiffs on their suit for wrongful distribution of funds held in the registry of the court. Appellants' first point of error asserts that the trial court erred by failing to file findings of fact and conclusions of law. Appellants' request for findings of fact and conclusions of law was timely filed. TEX.R. CIV.P. 296. When the trial judge failed to make the requested findings, appellants filed a notice of the omission in a timely fashion. TEX.R.CIV.P. 297. The trial court's failure to comply with the rules of civil procedure requires us to reverse and remand pursuant to our decision in *Joseph v. Joseph,* 731 S.W.2d 597 (Tex.App.—Houston [14th Dist.] 1987, no writ.).

In *Joseph,* this court noted that after a proper request is made, harm is presumed when the trial court fails to file findings of fact and conclusions of law. The presumption of harm created by the trial court's omission is only overcome by an affirmative showing from the record that the complaining party suffered no injury.

As we said in *Joseph:*

The method for determining whether an appellant is injured was addressed in *Fraser v. Goldberg,* 552 S.W.2d 592 (Tex. Civ.App.—Beaumont 1977, writ ref'd n.r. e.). There the court stated: "In factually complicated situations in which there are two or more possible grounds for recovery or defense, an undue burden would be placed upon an appellant. Having to try to guess the reason or reasons the trial judge ruled against him should not be required." *Id.* at 594.

In applying the *Fraser* test, this court looked to whether there were disputed facts to be resolved. *Pettitt v. Pettitt,* 704 S.W.2d 921, 925 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *See Galveston, Harrisburg & San Antonio Railway v. Stewart & Threadgill,* 257 S.W. 526, 530 (Tex.Comm'n App.1924, jdgmt adopted).

*Id.* at 598.

On April 24, 1980, the district court appointed a receiver for the mineral interest held in the name of one E.H. Barnes for

certain described properties. Pursuant to [1] TEX.REV.CIV.STAT.ANN. art. 2320b (Vernon 1971) (repealed), the duly appointed receiver made and executed an oil, gas and mineral lease on the property. As a result of operations under this lease, production was obtained and funds accumulated in the registry of the court "for the use and benefit of the respondent, E.H. Barnes." Although service by publication was made for E.H. Barnes at the time the court entered its order of receivership, it was not until February 15, 1984, that the assignee of part of the alleged interest of the heirs of E.H. Barnes filed an instrument in the court entitled "Request for Release of Funds and Transfer of Interest." His particular claim, which the alleged heirs of E.H. Barnes joined in, was under one Edward Horace Barnes, deceased. On February 17, the court issued an order granting such request for release of the funds held in the court registry for E.H. Barnes. Upon finding that E.H. Barnes died intestate leaving his children Edward Harold Barnes and Mary Kathryn Graham as his sole heirs at law, the court implicitly found that the deceased Edward Horace Barnes was indeed the E.H. Barnes who owned the mineral interest.

However, on December 10, 1984, Rex Womack, Jr., assignee of part of the alleged interest of E.H. Barnes' widow filed a "Petition for Determination of Ownership and Distribution of Funds." Womack's claim was made pursuant to an assignment from Flora Alice Barnes, who claimed under one Earnest Howard Barnes, deceased. Failing to obtain any relief from their petition for determination of ownership, Womack and Barnes filed suit under a new cause number which included allegations of fraudulent misrepresentation, tortious conduct and liability under an implied contract. The named defendants responded in an amended answer which set up the affirmative defenses of: the two and four year statute of limitations, pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986); the equitable bar of laches

and stale demand; the statutory bar of adverse possession, pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 16.024 (Vernon 1986); res judicata; and collateral estoppel.

Here, the appellants were in the unenviable position of guessing as to just why the trial court ruled against them. With no findings of fact and conclusions of law prepared by the trial court, the appellants were required to brief every affirmative defense theory appellees raised. Even with this done appellants' efforts were hampered on appeal because of the trial court's failure to disclose factual findings. Appellant's harm is apparent. We reverse and remand.

J. CURTISS BROWN, Chief Justice, concurring.

I concur. I agree with the court's opinion and would only add my view that under TEX.REV.CIV.STAT. art. 2320b § 3 [since codified at TEX.CIV.PRAC. & REM.CODE § 64.091(h)] the monies paid into the registry of the court are held "for the use and benefit of such non-resident or unknown owners of such mineral or leasehold interests."

The ultimate question for trial on remand is the identity of those owners for whose benefit the funds were impounded.

---

1. Ch. 281, § 2, 1945 TEX.GEN. & SPEC.LAWS 449, *repealed by* Act of April 16, 1985, ch. 959, § 9(1), 1985 TEX.GEN. & SPEC.LAWS 3242, 3322; *See* TEX.

CIV.PRAC. & REM.CODE ANN. § 64.091 (Vernon 1986).