**Dorothy RANDALL, Appellant,**

v.

**C.B. JENNINGS, Appellee.**

**No. A14–89–00664–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 26, 1990.

Jerome K. Wade, Houston, for appellant.

Alvis O.L. Rogers, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Dorothy Randall appeals from a take nothing judgment. In two points of error she asserts that the trial court's judgment should be reversed because the court failed to file findings of fact and conclusions of law after appellant's timely requests and because the evidence was insufficient to support the judgment in favor of appellee, C.B. Jennings. We sustain appellant's first point, reverse the trial court's judgment, and remand the cause for retrial on the merits.

After many years of marriage, Dorothy and Willie Randall divorced in 1977; however, they continued to live together and represented themselves to others as man and wife. In 1984 Willie Randall transferred several thousand dollars to appellee C.B. Jennings, but the men failed to document the purpose of the transfers. Jennings subsequently bought a commercial truck and painted the initials "W.R." and "C.B." on its door. Appellee operated the truck for hire, with Willie Randall sometimes assisting in delivering the loads. The two men opened a joint checking account, and Jennings made payments to Mr. Randall of approximately $150 per week during those weeks in which Jennings found work for the trucking operation. Willie Randall died in 1986. As administrator of Mr. Randall's estate, appellant brought suit against Jennings for a final accounting of the trucking partnership which she alleged the deceased and Jennings had formed. Trial was to the court, and the court signed the judgment in favor of Jennings on June 5, 1989. On June 14, 1989, appellant filed her request for written findings of fact and conclusions of law, and on July 3rd she re-urged her request. The court responded to neither demand, and appellant subsequently perfected this appeal.

In her first point of error appellant claims that the court erred in failing to make findings of fact and conclusions of law after appellant's timely requests. For this reason appellant asserts that this court should reverse the lower court's judgment and remand the cause for new trial. We agree.

This court has previously concluded that if the trial court fails to prepare and file findings of fact and conclusions of law after proper requests, harm is presumed. *Joseph v. Joseph*, 731 S.W.2d 597, 598 (Tex. App.—Houston [14th Dist.] 1987, no writ) (citation omitted); *see also Barnes v. Coffman*, 753 S.W.2d 823, 823 (Tex.App.—Houston [14th Dist.] 1988, writ denied); *Eye Site, Inc. v. Blackburn*, 750 S.W.2d 274, 277 (Tex.App.—Houston [14th Dist.] 1988, writ denied). The presumption of harm may be overcome if the record affirmatively shows that the complaining party suffered no injury. *Joseph*, 731 S.W.2d at 598 (citing *Barfield v. Emery*, 107 Tex. 306, 177 S.W. 952, 953 (1915)). However, in factually complicated situations in which there are two or more possible grounds for recovery or defense, or in situations where there are disputed facts to be resolved, an undue burden is placed upon an appellant, and the inference of harm cannot be defeated. *Joseph*, 731 S.W.2d at 598.

In the case before us the trial court did not reveal its basis for denying any relief to appellant in its final judgment. Some evidence of a partnership does exist in the record. Additionally, appellee challenged both the existence of the partnership as well as appellant's standing as the deceased's surviving widow. As a result, in her remaining point of error appellant was forced to guess the reasoning used by the court to reach its conclusions. Clearly, Randall has suffered harm in the presentation of her appeal. We therefore sustain appellant's first point. Although some intermediate courts have chosen to abate rather than reverse cases in which the trial court failed to file requested findings of fact and conclusions of law, *Id.* at 599 (citations omitted), we choose not to deviate from the long-established procedure of reversing and remanding the case for new trial. *Id.* at 600.

In affirming appellant's first point of error we find it unnecessary to address her

remaining point. The judgment of the trial court is reversed and remanded.