

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00072-CV
_____

IN THE INTEREST OF V.K.H.H., A CHILD

_____

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 19D0442-CCL

_____

Before Morriss, C.J., Stevens and Carter,* JJ.

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

ORDER

Mother[1] appeals from the trial court's order in this suit affecting the parent-child relationship modifying the previous conservatorship order.[2] The new conservatorship order grants Father the exclusive right to designate the primary residence of the child. Possession of the child was awarded in accordance with the standard possession order. *See* TEX. FAM. CODE ANN. §§ 153.311, 153.313–.316, § 153.312 (Supp.). Mother contends that the trial court abused its discretion by failing to award her primary custody of the child and further erred by failing to file requested findings of fact and conclusions of law.

Following a bench trial, any party may, within twenty days after the judgment is signed, file a request for findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296; *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017) (per curiam). "The court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed." TEX. R. CIV. P. 297. Should the trial court fail to file findings of fact and conclusions of law within that time frame,

> the party making the request shall, within thirty days after filing the original request, file with the clerk and serve on all other parties in accordance with Rule 21a a "Notice of Past Due Findings of Fact and Conclusions of Law" which shall be immediately called to the attention of the court by the clerk.

---

[1]To protect the child's identity, we refer to the child's parents as Mother and Father. *See* TEX. R. APP. P. 9.9.

[2]The original conservatorship order appointed both parents as joint managing conservators, with Father having the exclusive right to designate the primary residence of the child within Bowie County, Texas. The original order granted Father possession of the child (in the absence of mutual agreement), beginning at 8:00 a.m. Monday and ending at 6:00 p.m. Friday. Mother was awarded possession of the child every weekend, beginning at 6:00 p.m. Friday and ending the following Monday at 8:00 a.m.

*Id.* When timely requested, the trial court must file written findings of fact and conclusions of law. *Isaac v. Burnside*, 616 S.W.3d 609, 614 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).

"If the court fails to file findings in response to a proper and timely request, the court of appeals must presume the trial court made all the findings necessary to support the judgment." *Ad Villarai*, 519 S.W.3d at 135 (citing *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002)). "[I]f a court fails to file findings when the facts are disputed, the burden of rebutting every presumed finding can be so burdensome that it effectively 'prevent[s the appellant] from properly presenting its case to the court of appeals or this Court.'" *Id.* (second alteration in original) (quoting *Graham Cent. Station, Inc. v. Peña*, 442 S.W.3d 261, 263 (Tex. 2014) (per curiam) (citing *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam))). "A trial court's failure to file findings in response to a timely and proper request is thus 'presumed harmful, unless "the record before the appellate court affirmatively shows that the complaining party has suffered no injury."'" *Id.* (quoting *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989) (quoting *Wagner v. Riske*, 178 S.W.2d 117, 120 (1944))).

In this case, Mother timely filed a written request for findings of fact and conclusions of law. Mother likewise timely filed her notice of past due findings of fact and conclusions of law. Despite Mother's timely filed request and notice, the trial court failed to file findings of fact and conclusions of law. Mother contends that this failure negatively impacts appellate review due to the heightened burden of rebutting every presumed finding that could conceivably support the

judgment. Mother therefore asks that we abate this appeal to the trial court for entry of findings of fact and conclusions of law.

"When deciding issues of conservatorship and possession of and access to a child, [a court's] primary consideration is the best interest of the child." *Pore v. Ellis*, No. 03-20-00550-CV, 2021 WL 2964261, at *1 (Tex. App.—Austin July 15, 2021, no pet.) (per curiam) (order and mem. op.) (citing TEX. FAM. CODE ANN.§ 153.002). "Courts have developed best-interest tests that consider and balance many factors." *Id.* (citing *Lenz v. Lenz*, 79 S.W.3d 10, 19 (Tex. 2002); *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976) ("listing several non-exclusive factors for assessing child's best interest"); *Harris v. Tex. Dep't of Fam. & Protective Servs.*, 228 S.W.3d 819, 828 (Tex. App.—Austin 2007, no pet.)). "Accordingly, suits affecting the parent-child relationship are intensely fact-driven." *Id.* (citing *Lenz*, 79 S.W.3d at 19).

As in *Pore*, this case presents "disputed facts regarding some events and the parties' behavior during those events, and the trial court's order does not reveal how it resolved those disputes and assessed and balanced the *Holley* factors that guide the ultimate decisions underlying the trial court's order." *Id.* at *2. In such a case, "the preferred remedy is for the appellate court to direct the trial court to file the missing findings." *Ad Villarai*, 519 S.W.3d at 136.

We, therefore, abate this appeal to the trial court for the sole purpose of issuing findings of fact and conclusions of law supporting its final order in this suit to modify the parent-child relationship. The trial court's findings of fact and conclusions of law shall be entered into the

record of the case and filed with this Court as a supplemental clerk's record within twenty-one days of the date of this order.

All appellate timetables are stayed and will resume on our receipt of the supplemental record. On receipt of the trial court's findings of fact and conclusions of law, the Appellant may request permission to file an amended brief in order to address the trial court's findings and conclusions.

IT IS SO ORDERED.

BY THE COURT

Date: February 15, 2022